ROBERT WAGNER AND JOHN T. WOODHOUSE v. GEORGE J. KELLOGG AND WILLIAM BROWN.

*Justices' courts—Jurisdiction—Appearance by plaintiff.*

1. Justices' courts possess the same general powers for the exercise of jurisdiction as do courts of record, except the power of setting aside verdicts and arresting judgments; citing *Hodges v. Bagg,* 81 Mich. 243.

2. A written request by the plaintiff or his attorney that a case be adjourned or held open is an appearance by the plaintiff, and gives the justice jurisdiction to act, if presented to him within one hour after the return hour of the process by which the suit is commenced.

Error to Wayne. (Gartner, J.) Submitted on briefs June 23, 1892. Decided July 28, 1892.

*Assumpsit.* Plaintiffs bring error. Reversed, and judgment entered for plaintiffs. The facts are stated in the opinion.

*Dickinson, Thurber & Stevenson,* for appellants.

*George B. Yerkes (Oscar M. Springer,* of counsel), for defendants.

GRANT, J. Plaintiffs brought suit in attachment against the defendants before a justice of the peace. The writ was returnable February 14, 1891, at 9 o'clock A. M. The only question presented by the record is, should the plaintiffs have been nonsuited for failure to appear within one hour after the time mentioned in the writ? The return of the justice to the writ of *certiorari* is as follows:

" And I also do certify, at the time and place certified of the return of said attachment said parties did not appear personally before me; but upon my own motion, and also the written request of the plaintiffs, the case was held open until 2 o'clock P. M. of same date, as I had knowledge that both plaintiffs and defendants were unable to be in attendance before me because of the hearing at the same hour of the defendants' application for a dissolution of the attachment issued by me before Circuit Court Commissioner Considine, at his office in Detroit. And I further certify and return that just before the hour to which the case was held open, as I was going to my office, I met John T. Woodhouse, one of the plaintiffs, and George Kellogg, one of the defendants, and said Kellogg said that they had been looking for me, and that Woodhouse was in a hurry to go to Ypsilanti. I told them the case was held open until 2 o'clock, and I could not proceed with it, except by consent, before that hour. Kellogg replied, ' Give him a judgment, and let him get away.' We all then went to my office together, and at 2 o'clock P. M., of February 14, case recalled. Plaintiffs appeared in person, and answered. Defendants did not answer, although being present in the room; but refused to answer."

We think the written request of the plaintiffs to the justice to have the case held open until 2 o'clock constituted an appearance on their part. The actual presence of the plaintiff is not required to constitute an appearance. He may appear by his attorney or his agent. A justice's court possesses the same general powers for the exercise of jurisdiction as do courts of record, except the power of setting aside verdicts and

arresting judgments. *Hodges v. Bagg*, 81 Mich. 243; How. Stat. § 6817. A written request by the plaintiff or his attorneys, presented to the justice within the hour, asking for an adjournment, or that the case be held open, is an appearance, and gives the court jurisdiction to act.

It is unnecessary to determine whether the conduct of the defendant Kellogg would operate as a waiver if the jurisdiction had been lost.

Judgment is reversed, and entered in this Court for the plaintiffs.

The other Justices concurred.