### BRIGGS v. STROUD et al.

(Circuit Court, E. D. Wisconsin. November 23, 1893.)

1. EQUITY PLEADING—JURISDICTIONAL PLEAS—DUPLICITY.
    A plea to the jurisdiction which sets up matters affecting the validity of the service, matters showing want of proper citizenship, and also the pendency of a prior suit, is bad for duplicity.

2. SAME—SUFFICIENCY—PRIOR SUIT PENDING.
    Where a bill is brought to set aside an alleged fraudulent appointment under a will and to enforce the rights of a distributee in the estate, a plea which merely alleges the pendency of prior proceedings in the orphans' court of another state, without distinctly showing that such court has possession of the res, should not be sustained.

3. APPEARANCE.
    An appearance by attorney, so as to secure an extension of time to plead or answer, is a general appearance, and defendants cannot thereafter have their appearance taken as special to plead to the jurisdiction.

In Equity. Bill by Elizabeth H. Briggs against Eliza J. Stroud and Mary E. Burson. Heard on pleas to the jurisdiction. Pleas overruled.

Spooner, Sanborn & Kerr, for complainant.
Van Dyke & Van Dyke and S. Holmes, for defendants.

SEAMAN, District Judge. The question here is upon the sufficiency of the pleas filed by the defendants, respectively, to the bill of complaint. The bill alleges that the complainant is a citizen of Wisconsin, and of this district, and the defendants, respectively, of New Jersey and Pennsylvania, and states the amount in controversy as $25,000 and over. It alleges rights of complainant to the corpus of the estate of one Danelia S. Burson, as her niece, next of kin, and sole heir at law; that said Danelia S. Burson died testate, September 2, 1882, domiciled in Monroe county, Pa., and her will was duly probated in the orphans' court of said place of domicile; that by said will, which is set forth in full, Lewis M. Burson, her brother, was constituted devisee and legatee of the residue in question for life, and with provision therein to hold in trust (in the event, which here arose, of his leaving no children) as follows: "It is my will that my estate shall go to such of my blood relations as my said brother, Lewis M. Burson, trustee, as afore-

said, may in his will direct." The assets which came to said Lewis M. Burson hereunder are stated at $29,500, mostly personal estate; and of this it is alleged that the trustee loaned out $18,550 in Walworth county, Wis., upon notes or bonds secured by real-estate mortgages, and that all of these securities (enumerated in the bill) are in the hands of this complainant, "deposited with and intrusted" to her by said trustee. It is stated that Lewis M. Burson died October 21, 1892, domiciled in said Monroe county, Pa., leaving a will, there probated, which purports to make the defendant Eliza J. Stroud (a blood relative) appointee to take the estate so left by Danelia S. Burson, and named the defendant Mary E. Burson, his wife, executrix. . The bill alleges fraud in this appointment, and states facts and circumstances leading up to the making of this will, and the terms of a will, made simultaneously by said appointee, in favor of the widow of said trustee, as showing the fraud. The blood relatives of said Danelia S. Burson are alleged to be "so numerous that it would be absolutely impossible to determine any considerable part of them," and impossible to have the said estate distributed among them. The prayer for relief is to have this attempted appointment set aside as fraudulent and void; to have it adjudged that complainant "is entitled to have distributed and assigned to her by the proper probate court, or by this court, all and singular the property and estate" of said Danelia S. Burson; and for injunction, receiver, etc. Service upon the defendants is claimed by publication, under an order of this court, pursuant to section 8, c. 137, Stat. 1875, (section 738, Rev. St.) The defendants appeared by attorneys so far as to obtain extensions of time to plead or answer, but ask at this hearing to have their appearance taken as special, to plead to the jurisdiction. They file separate pleas.

1. The plea of Eliza J. Stroud sets up several grounds attacking the jurisdiction, viz.: (1) That the securities stated as in the possession of the complainant and as trust estate of Danelia S. Burson were in fact individual property and assets of Lewis M. Burson; (2) that there is no property of the former estate within this jurisdiction; (3) that the legal situs of these securities was in Pennsylvania; (4, 5) that legal proceedings were pending in Pennsylvania, substantially as set forth in plea of Mrs. Burson; (6) that a large number of the blood relatives of Danelia S. Burson are equally interested with complainant, ought to be joined as co-plaintiffs, and many are citizens of same state with defendants, respectively.

Objection is made to this plea that it is bad for duplicity or multifariousness. It attempts to set up several distinct grounds of defense, going to the jurisdiction, but not tending to a single point, as required by well-settled rules of chancery practice. Story, Eq. Pl. § 654; 1 Fost. Fed. Pr. § 124; Rhode Island v. Massachusetts, 14 Pet. 210; Farley v. Kittson, 120 U. S. 303, 7 Sup. Ct. 534; United States v. California & O. Land Co., 148 U. S. 31, 13 Sup. Ct. 458. I think this objection is well taken, and that the plea should be overruled for that cause.

It would be the right, and the duty of the court, at the first op-

portunity, to take notice of any matters which were patent impugning its jurisdiction, and without standing upon the form of presentation or plea; and to that end a defect for duplicity might, perhaps, be overlooked, or corrected by leave. I have, therefore, in this view, and because argument was had upon all the points, considered the several grounds here stated by way of plea, and, aside from that setting up proceedings pending in the courts of Pennsylvania,—which is considered hereafter in reference to the plea of Mrs. Burson,—it is my opinion that they would not prevent jurisdiction. If it be conceded for argument that the securities mentioned as in Wisconsin had no situs here to authorize a substituted service upon the defendants under section 738, I think their voluntary appearance has made that service good. The right to require suit to be brought in the district of their residence is a personal privilege, which can be waived, and is waived by such appearance. Toland v. Sprague, 12 Pet. 300; Ex parte Schollenberger, 96 U. S. 369; Railway Co. v. McBride, 141 U. S. 127, 11 Sup. Ct. 982. This want of situs is urged in behalf of the defendants to defeat the operation of section 738. That would only affect the question of service, as this statute confers no new jurisdiction of the subject-matter, but only provides a means for serving notice upon the defendant; and the inquiry, in that view, becomes immaterial after voluntary appearance. If it shall become material, I think it will depend upon circumstances not fully appearing at this stage, and that the actual domicile of the owner would not be the controlling inquiry. Story, Confl. Laws, § 550; Green v. Van Buskirk, 7 Wall. 139; Pullman's Palace Car Co. v. Pennsylvania, 141 U. S. 18, 11 Sup. Ct. 876. The question whether another court has obtained possession of the res may then be potent.

The allegation in the plea that the securities are not the property of the estate of Danelia S. Burson, but of Lewis M. Burson, cannot stand, for it is unsupported by answer; and the allegation of the bill must be take as true. Rules 32, 39. The bill alleges the impossibility of naming or ascertaining all the blood relations. The plea affords no light, and raises no issue fairly, upon that point.

2. The plea of Mary E. Burson sets out that the will of Danelia S. Burson was probated in the office of register of wills for Monroe county, Pa., and letters testamentary issued to Lewis M. Burson. That upon his death, an account of the administration of said trust by Lewis M. was stated and filed by his executrix January 26, 1893, and confirmed by the orphans' court February 27, 1893. That exceptions thereto were filed; among others, by complainant, May 22, 1893. Said court, by consent of complainant among others, appointed an auditor to examine and restate said trustee's account, and "make distribution to the parties entitled to said trust estate." That on November 11, 1892, said complainant also petitioned said court for "appointment of a trustee, and the investment of said estate of said Danelia S. Burson," and that proceedings thereupon were pending when this suit commenced. The following propositions must be taken as well settled by repeated decisions of the supreme court, viz.:

(1) The pendency of a prior suit, in another jurisdiction, is not a bar to a subsequent suit in a circuit court of the United States, even though the two suits were for the same cause of action. Stanton v. Embrey, 93 U. S. 548; Insurance Co. v. Brune's Assignee, 96 U. S. 588; Crescent City Co. v. Butchers' Co., 12 Fed. 225.

(2) A circuit court of the United States has no jurisdiction to set aside a will or the probate thereof. Broderick's Will, 21 Wall. 503; Ellis v. Davis, 109 U. S. 485, 3 Sup. Ct. 327.

(3) It has jurisdiction, through its chancery powers, as an incident to the enforcement of trusts, to compel an administrator to account and distribute assets wrongfully withheld. Payne v. Hook, 7 Wall. 425; Johnson v. Waters, 111 U. S. 640, 4 Sup. Ct. 619; Hayes v. Pratt, 147 U. S. 557, 13 Sup. Ct. 503.

(4) This jurisdiction cannot be taken where the assets of an estate are in the possession of another court of competent jurisdiction, through its administrator or other officer, to disturb or interfere with that possession, or complicate the obligations of that officer. Byers v. McAuley. 149 U. S. 608, 13 Sup. Ct. 906; Yonley v. Lavender, 21 Wall. 276; Heidritter v. Oil-Cloth Co., 112 U. S. 294, 5 Sup. Ct. 135; Williams v. Benedict, 8 How. 112.

Testing the plea by these premises, it cannot be sustained upon the bare showing of the pendency of proceedings in Pennsylvania involving the same cause of action; and the bill does not attempt to set aside a will, as such, or its probate. The only question, therefore, is whether it clearly presents a case of interference under the fourth proposition, or whether it may leave a case for possible relief under the third. The rule prohibiting interference where the res is held by an administrator or other officer of a competent court —and hence possession, constructively, in that court—is of the utmost importance. It saves from the intolerable confusion and danger which might arise under conflicting decrees and duties. The court which first obtains jurisdiction and possession retains it for final disposition, and cannot be displaced by another of co-ordinate jurisdiction. If the allegations of this plea made clear showing of such prior possession of the res, and attempted interference by this bill, it should be allowed, to the end of obtaining speedy dismissal of the bill, if these allegations are conceded or sustained. But I do not find such showing clearly made upon the face of this plea. It is not apparent that the pendency of probate proceedings and accountings in the matter of the will of Lewis M. Burson can hold the trust estate alleged under the will of Danelia S. Burson; and there may be question as to the effect of the alleged proceedings on petition of this complainant for appointment of a trustee of the latter estate, and of attempted discontinuance thereof, which was conceded upon the argument. The plea alleges pendency "when this suit was brought," but not that it is still depending. Story, Eq. Pl. § 737; Fost. Fed. Pr. § 129. The plea must be strictly construed, and I think these allegations are not so clear and definite that they should be held conclusive against any equities in the bill, if proved literally. Its allowance would put upon the complainant the necessity either to reply, taking issue upon the facts,

or to submit to dismissal. By reply, the complainant might be held, under the chancery practice, to an admission "that, if the particular facts stated in the plea are true, they are sufficient in law to bar recovery; and, if they are proved to be true, the bill must be dismissed, without reference to the equity arising from any facts stated in the bill." Farley v. Kittson, 120 U. S. 303, 314, 7 Sup. Ct. 534; Rhode Island v. Massachusetts, 14 Pet. 210. The course required in the Rhode Island case, of presentation of the important jurisdictional issues by answer, is applicable here, and will tend to expedite a final determination.

The pleas of both defendants are therefore overruled, but without prejudice to their right to set up any defenses therein by answer, and with leave to answer on or before the first Monday of January, 1894.