HUPFELD v. AUTOMATON PIANO CO. et al.

(Circuit Court, S. D. New York. April 6, 1895.)

1. FOREIGN CORPORATION—ALIEN PLAINTIFF—APPEARANCE—JURISDICTION.
The complainant, an alien, brought suit against the defendant company, a foreign corporation, and joined with it as defendant a resident ancillary receiver of said company, to restrain the infringement of a patent. No notice of appearance was filed by the defendants, but they applied to the court, and obtained an extension of time to plead, answer, demur, or take such other action as might be advised. On motion to dismiss the complaint as against the corporation on the ground of want of jurisdiction, *held*, that the obtaining of such extension of time was the equivalent of a general appearance.

2. RECEIVER—JURISDICTION.
The suit against the receiver was being prosecuted without the consent of the state court appointing the receiver. *Held*, that the general rule that a court will not entertain jurisdiction of a suit against a receiver appointed by another court until the appointing court has given its consent, does not apply when the jurisdiction of the court in which the receiver is sued is conferred by federal laws, and when such jurisdiction is exclusive.

3. JURISDICTION IN PATENT CASES.
In a suit by the owner of a patent to restrain the infringement of the same by a receiver, the federal courts will entertain jurisdiction of such suit, without leave of the state court first obtained, to enjoin individuals, even though they be officers of a state court, from acts of infringement.

This is an action by Ludwig Hupfeld against the Automaton Piano Company and Abram B. De Frece, as receiver of said company, to restrain the infringement of a patent.

Goepel & Raegener (Thomas M. Rowlette, of counsel), for complainant.

S. O. Edmonds, for defendants.

LACOMBE, Circuit Judge.    This is a bill in equity for infringement of United States letters patent No. 429,419, with the usual averments.    Complainant is an alien, the defendant piano company is a New Jersey corporation, and the defendant De Frece a citizen of the state of New York, and an inhabitant of the Southern district thereof.    The present motion is to set aside the service of the subpoena ad respondendum, and to dismiss the bill on the ground that this court has not jurisdiction of the defendants, or either of them.    The defendant piano company has obtained extension of time to plead, answer, demur, or take such other action as it may be advised.    This is the equivalent of a general appearance, and the motion to dismiss, as to it, is therefore denied.    The defendant De Frece was appointed receiver of the defendant corporation by the chancery court of New Jersey, and subsequently was appointed ancillary receiver by the supreme court of this state.    Motion to dismiss as to him is made upon the ground that complainant has not obtained leave to sue him from either of the courts appointing him.    Leave was obtained from the New York court, but the order giving it has since been vacated.    The general rule undoubtedly is that a court will not entertain jurisdiction of a suit against a receiver appointed by another court until the appointing court has given its consent that he be sued.    This rule rests on principles of comity, and is considered essential for the protection of the receiver as an officer of the court appointing him against unnecessary and expensive litigation touching controversies wherein it may often be within the power of the appointing court to give ample relief to any person aggrieved.    But the rule has its qualifications, and the case at bar does not fall within it.    This suit is one under the federal laws, involving questions as to the validity and infringement of United States letters patent, which the state courts have no jurisdiction to determine.    Store Service Co. v. Clark, 100 N. Y. 370, 3 N. E. 335.    The federal courts cannot assent to the proposition that they have no jurisdiction, without leave of the state courts first obtained, to enjoin individuals, even though they be officers of state courts, from infringing upon the rights of the owner of a patent.    To do so would be to abdicate functions which, under the federal constitution, are confided to them, and to them exclusively, by the federal laws.    Such a refusal would leave it within the power of the state courts to exclude the holder of rights granted to him by the United States from the only tribunals which have jurisdiction to vindicate those rights.    The reasoning in Barron v. Burnside, 121 U. S. 186, 7 Sup. Ct. 931, and other similar authorities applies perfectly to such a case as this. The motion is denied.