## WATERS v. CENTRAL TRUST CO. OF NEW YORK.

(Circuit Court of Appeals, Second Circuit. November 24, 1903.)

No. 3.

1. COURTS—JURISDICTION—SPECIAL ·APPEARANCE.

Where, in an action against a nonresident in a state court, its attorney was directed to appear solely for the purpose of removing the cause to the federal court, and on the last day for filing an answer in the cause such attorney filed a petition for removal and a removal bond, and applied to the judge for an order of removal, and when, over objection, the court postponed the hearing on the application for a. removal to the following week, the attorney believing it necessary to sustain his right to removal, and, for that purpose only, orally asked for and obtained an extension of time to plead, such application for time should be construed as an application for an extension of time to appear for the purpose of pleading to the jurisdiction or otherwise, and therefore did not constitute an appearance sufficient to confer jurisdiction.

In Error to the Circuit Court of the United States for the Southern District of New York.

Alton C. Dunston, for plaintiff in error.

Adrian H. Joline, for defendant in error.

Before LACOMBE and TOWNSEND, Circuit Judges.

TOWNSEND, Circuit Judge. The writ of error herein questions the correctness of the action of the trial court in dismissing the complaint and directing a verdict for the defendant. The plaintiff is a citizen of the state of Ohio, and in the court below sued to recover from the defendant, a corporation organized and existing under the laws of the state of New York, and a citizen of that state, the sum of $100,350, with interest from October 11, 1897. Said suit counted upon a judgment obtained in an action in the court of common pleas for Summit county, in the state of Ohio, by Lyman A. Andrews and others against the Pittsburgh, Akron & Western Railroad Company, defendants, which judgment directed that this defendant, a stock-

holder of said railroad company, pay the plaintiff, as receiver, appointed by said court in said proceeding for the purpose of receiving, carrying, and distributing the money to be paid in pursuance of said judgment, said amount of $100,350. This defendant was served by publication, but was not personally served with process in the Ohio suit. Various questions have been raised as to the right of the plaintiff to institute this action in this court, as to the effect of the proof of the judgment of the Ohio court, as to the authority of counsel to appear on behalf of this defendant in the Ohio suit, and as to the effect of his appearance therein.

We shall consider and determine only the single question of the effect of the appearance of counsel in said Ohio court upon the rights of defendant to question the jurisdiction of said court. Prior to and at the institution of the action in Ohio the counsel for the defendant company in New York were Messrs. Butler, Stillman & Hubbard, and Judge C. R. Grant, of Akron, Ohio, was its local counsel in Ohio. The extent of his authority to act in behalf of the defendant is shown by the letters and telegrams passing between the parties, all of which were put in evidence. Prior to March 23, 1895, said New York counsel for the defendant had instructed Judge Grant not to "do anything by which the plaintiffs can gain jurisdiction" of the defendant—had directed him "to appear specially and solely to remove the cause and make the removal" thereof to the federal court, "the motion being special only," etc. On said day, which was the last day for filing an answer in said cause, Judge Grant filed with the clerk of said Ohio court a petition for the removal of the cause to the United States Circuit Court, and a removal bond, and applied to the judge of said court for an order for such removal. Upon objection by counsel for the plaintiff to the entry of said order, the court, against the objection of Judge Grant, postponed the hearing on the application for removal to the following week. Thereupon Judge Grant stated "that, if such leave were given, the time for the defendants to plead ought to be extended accordingly, as that was the last day upon which we would [could?] file our petition for removal under the law. He said that, if I wished, he would extend the time to plead, and so, upon my oral application, an order was placed upon the journal extending the time limited by law for the nonresident defendants to plead in the case—not to answer, but to plead—until April 6th." Said order recited that "upon the application of defendants, the Central Trust Company, * * * and for good cause shown, leave is hereby given by the court to each of said defendants above named to plead in this action on or before Saturday, April 6, 1895."

We are of the opinion that, under the circumstances, this taking of an extension of time to plead did not constitute a voluntary general appearance, such as would subject the defendant to the jurisdiction of the Ohio court. The correspondence between counsel and the testimony of Judge Grant show that he understood he was to do nothing by which plaintiff could obtain jurisdiction of defendant, and that this application for an extension of time to plead was made only because he (Judge Grant) believed that it was necessary that the order of the said court for removal should be signed and entered before

the time to plead expired, and that there was then no intention on his part to submit to the jurisdiction of the Ohio court.

It is well settled that an application for an extension of time ordinarily amounts to a voluntary general appearance and a submission to the jurisdiction of the court, because the circumstances show a waiver of the right to question such jurisdiction. Brundage v. Biggs, 25 Ohio St. 652; Evans v. Iles, 7 Ohio St. 234; Hupfeld v. Automaton Co. (C. C.) 66 Fed. 788; Briggs v. Stroud (C. C.) 58 Fed. 717. But if the facts show that such application is made solely in order to preserve the right of a party to deny such jurisdiction, there is no reason to presume a waiver of such right or an intent to submit to such jurisdiction. "It is an elementary principle of jurisprudence that a court of justice cannot acquire jurisdiction over the person of one who has no residence within its territorial jurisdiction except by actual service of notice within the jurisdiction upon him, or upon some one authorized to accept service in his behalf, or by his waiver, by general appearance or otherwise, of the want of due service." Goldey v. Morning News, 156 U. S. 518, 521, 15 Sup. Ct. 559, 560, 39 L. Ed. 517. "It is conceded that, if defendant had stated that it appeared specially for the purpose of making the application, that would have been sufficient; and yet when the purpose for which the applicant comes into the state court is the single purpose of removing the cause, and what he does has no relation to anything else, it is not apparent why he should be called upon to repeat that this is his sole purpose; and, when removal is had before any step is taken in the case, as the statute provides that 'the cause shall then proceed in the same manner as if it had been originally commenced in said Circuit Court,' it seems to us that it cannot be successfully denied that every question is open for determination in the Circuit Court, as we have, indeed, already decided." Wabash Western Railway Co. v. Brow, 164 U. S. 271, 278, 279, 17 Sup. Ct. 126, 128, 41 L. Ed. 431.

Counsel for defendant had seasonably asserted his right to an order for removal. The court had refused to enter said order. It is not material to inquire whether this refusal was or was not rightly made. "When the state court adjudged that it had authority to proceed, the company was entitled to regard the decision as final, so far as that tribunal was concerned, and was not bound, in order to maintain the right of removal, to protest at subsequent stages of the trial against its exercise of jurisdiction." Steamship Company v. Tugman, 106 U. S. 118, 123, 1 Sup. Ct. 58, 61, 27 L. Ed. 87.

Here, the state court having adjudged that it had power to continue the cause, and, against the protest of Judge Grant, having directed the entry of an order to that effect, he was justified in taking the step which he did on the theory that it was necessary to protect the rights of defendant to further prosecute said removal proceedings.

Evidently, the sole purpose of counsel for defendant in making said application for extension of time after the state court had thus refused to pass upon the application was to preserve the rights of his clients to a removal of the cause when the state court should act upon said petition. It is immaterial to the decision of the question herein whether such action was or was not necessary. There was no

waiver, for "waiver is the intentional relinquishment of a known right." Shaw v. Spencer et al., 100 Mass. 382, 395, 97 Am. Dec. 107, 1 Am. Rep. 115; Hoxie v. The Home Insurance Company, 32 Conn. 21, 40, 85 Am. Dec. 240. Here was no relinquishment, intentional or otherwise, but a manifest intention to deny the right of the state court to proceed in the cause, and to assert the rights of defendant to be heard in another jurisdiction.

We are not aware of any principle upon which a party, being unable to presently assert his jurisdictional rights because of the refusal of a court to consider his claim, can be said to voluntarily abandon said rights because he may consider himself obliged, by reason of the action of the court, to assent to a postponement of the time when such jurisdictional rights may be asserted.

In Harkness v. Hyde, 98 U. S. 476, 25 L. Ed. 237, counsel for a defendant, who had not been properly served, appeared specially to move the dismissal of the action on that ground, and, failing therein, answered on the merits. The court treated the motion as a motion that the service be set aside, and held as follows:

"Illegality in a proceeding by which jurisdiction is to be obtained is in no case waived by the appearance of the defendant for the purpose of calling the attention of the court to such irregularity; nor is the objection waived when, being urged, it is overruled, and the defendant is thereby compelled to answer. He is not considered as abandoning his objection because he does not submit to further proceedings without contestation. It is only where he pleads to the merits in the first instance, without insisting upon the illegality, that the objection is deemed to be waived."

This case bears a close analogy to the case at bar, because it gives effect to the motion by interpreting it in accordance with the intention of counsel, and holds that in such a case there is no waiver except where the party pleads to the merits without insisting upon the illegality.

Applying that principle to the present case, we think the application for extension of time to plead may fairly be interpreted as intended to be for an extension of time to appear for the purpose of pleading to the jurisdiction or otherwise.

The judgment is affirmed, with costs.