REVETT v. CLISE et al.

(District Court, W. D. Washington, N. D. September, 1913.)

No. 10.

1. COURTS (§ 314*)—FEDERAL COURTS—PARTIES—CITIZENSHIP—CORPORATIONS.

The citizenship of a corporation, for the purpose of jurisdiction of federal courts, is in the state of its creation.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 860; Dec. Dig. § 314.*]

2. COURTS (§ 272*) — FEDERAL COURTS — JURISDICTION — CITIZENSHIP — RESIDENCE.

Complainant, a citizen of Colorado, sued C. and another, citizens of Washington, in the Western district of Washington and also joined N. and W., citizens and residents of New York, the G. Navigation Company, a New Jersey corporation authorized to do business in Washington, and doing business within the district, and the G. Navigation Company, Limited, a Washington corporation, charging that the individual defendants had entered into a conspiracy to organize the corporations named and secure the subscription of capital stock by irresponsible third persons; that the individual defendants were the sole owners of all the stock of both corporations, but carried it on the books of the corporations in other names; that the stock of the corporations was unpaid; that the New Jersey corporation purchased certain steamships and chartered them to the Washington corporation, in order to relieve the New Jersey corporation from all liability for their operation; that the New Jersey corporation never engaged in the transportation business, but both corporations maintained the same office and were represented by the same person; that complainant secured a judgment for breach of a transportation contract against the Washington corporation, but that this corporation had no assets, and about the time of the rendition of the judgment transferred

all of its assets to the New Jersey corporation; and that, in order for complainant to enjoy the benefit of his judgment, it was necessary that the New Jersey corporation be required to pay the same—and prayed that the individual defendants be compelled to pay into court a sufficient sum on their subscriptions in the name of third persons for the stock of the Washington corporation to satisfy the judgment. *Held*, that N. and W., citizens and residents of New York, and the New Jersey corporation, could not be required to answer a demand for judgment in personam against them without their consent in the federal court sitting in Washington, even though they might be doing business within the district and have a general agent pursuant to the laws of Washington, under Judicial Code (Act March 3, 1911, c. 231) § 51, 36 Stat. 1101 (U. S. Comp. St. Supp. 1911, p. 150), providing that no civil suit shall be brought in any District Court against any person in any other district than that whereof he is an inhabitant, but, where jurisdiction is founded on diversity of citizenship, suit shall be brought only in the district of the residence of either plaintiff or defendant.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 811; Dec. Dig. § 272.*]

3. COURTS (§ 269*)—FEDERAL COURTS—JURISDICTION—CLAIM TO PROPERTY.

Such cause of action was not to establish a claim to real property in the district, or to enforce a lien or remove a cloud on the title to real or personal property, and therefore was not maintainable in Washington under Act Cong. March 3, 1875, c. 137, § 8, 18 Stat. 472 (U. S. Comp. St. 1901, p. 513), providing that when, in any suit commenced in any Circuit Court of the United States to enforce any lien or equitable claim on or claim to, or to remove any incumbrance or claim or cloud on, the title to real or personal property within the district where the suit is brought, one or more of the defendants thereto shall not be inhabitants of or found within the district, or shall not voluntarily appear thereto, it shall be lawful for the court to direct the defendants to appear, etc.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 809; Dec. Dig. § 269.*]

In Equity. Bill by Ben Stanley Revett against J. W. Clise and others. On objection by defendants William Nottingham, H. S. Wilkinson, and the Globe Navigation Company to the jurisdiction, on the ground that neither complainant nor defendants are residents or citizens of the district or state of Washington. Objection sustained.

Richard Saxe Jones and James A. Snoddy, both of Seattle, Wash., for complainant.

H. R. Clise and C. K. Poe, both of Seattle, Wash., for defendants.

NETERER, District Judge. The complainant, a citizen of the state of Colorado, brings this action against J. W. Clise and H. R. Clise, citizens of the state of Washington and of this district, William Nottingham and H. S. Wilkinson, citizens and residents of New York, the Globe Navigation Company, a corporation of the state of New Jersey, authorized to do business under the laws of the state of Washington, and doing business within this district, and the Globe Navigation Company, Limited, a corporation of Washington, and charges the defendants Clise, Nottingham, and Wilkinson with entering into a conspiracy for the purpose of organizing the corporations named and securing the subscription of capital stock of the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

corporations by irresponsible third parties, and alleges that they are the sole owners of all of the capital stock of each of the said corporations, but carry it on the books of the company in other names; that the capital stock of the corporations is unpaid; that the New Jersey corporation purchased three steamships for the sum of $300,000, and executed a charter to the Washington corporation, so that it might appear to operate the vessels and to relieve the parent corporation from all liability in the operation thereof; that the New Jersey corporation also proceeded to build five sailing vessels for the purpose of carrying lumber and other merchandise, and for a long period of years prior to 1913 said sailing vessels were operated by the Globe Navigation Company, Limited, the Washington corporation, under various charters from the Globe Navigation Company of New Jersey; that in pursuance of such conspiracy the Globe Navigation Company of New Jersey never itself entered upon or engaged in the business of carrying freight or passengers for hire, but that the business of the said corporations was operated by the Globe Navigation Company, Limited, of Washington; that, as a part of the conspiracy, J. W. Clise was given the control and management of the business of both corporations, maintaining offices in Seattle, Wash.; that the plaintiff in the year 1905 entered into an agreement in writing with the Globe Navigation Company, Limited, for the transportation of certain freight to the port of Nome in the territory of Alaska; that a breach of said contract was made; that the complainant brought an action in the Washington courts against the said corporation, obtained judgment for a sum in excess of $8,000; that execution was issued, and return by the sheriff of nulla bona was made; that supplemental proceedings under the laws of Washington were prosecuted, and it was ascertained that the Globe Navigation Company, Limited, against which the said judgment was obtained, had no assets of any kind; that at about the time of the rendition and entry of said judgment the Washington corporation, for the purpose of defrauding complainant, transferred all of its assets to the New Jersey corporation; that demand was made upon William Nottingham, H. R. Clise, J. W. Clise, and H. S. Wilkinson, and the Globe Navigation Company of New Jersey, for the payment of such judgment, but same was refused; that in order for the complainant to enjoy the benefit of his judgment it is necessary that the Globe Navigation Company of New Jersey be required to pay the same, and that William Nottingham, J. S. Wilkinson, H. R. Clise, and J. W. Clise be compelled to pay into court a sufficient sum upon their subscription made in the name of third parties for the stock of the Globe Navigation Company, Limited, to satisfy this judgment; and judgment is prayed to that effect.

The defendants Clise have filed separate answers. The defendants Nottingham and Wilkinson and Globe Navigation Company, appearing separately and specially for such purpose, object to the jurisdiction of the court on the ground that neither the complainant nor the defendants are residents or citizens of this district or of the state of Washington.

The provisions of the Judicial Code of the United States, which are necessary for the court to consider, are as follows:

"Sec. 51. * * * No civil suit shall be brought in any District Court against any person by any original process or proceeding in any other district than that whereof he is an inhabitant; but where the jurisdiction is founded only on the fact that the action is between citizens of different states, suit shall be brought only in the district of the residence of either the plaintiff or the defendant."

Section 50 provides:

"When there are several defendants in any suit at law or in equity, and one or more of them are neither inhabitants of nor found within the district in which the suit is brought, and do not voluntarily appear, the court may entertain jurisdiction, and proceed to the trial and adjudication of the suit between the parties who are properly before it; but the judgment or decree rendered therein shall not conclude or prejudice other parties not regularly served with process nor voluntarily appearing to answer; and nonjoinder of parties who are not inhabitants of nor found within the district, as aforesaid, shall not constitute matter of abatement or objection to the suit."

[1] The citizenship of a corporation, for the purpose of jurisdiction of the federal courts, is in the state of its creation. St. Louis & S. F. Ry. v. James, 161 U. S. 545, 16 Sup. Ct. 621, 40 L. Ed. 802; Southern Ry. v. Allison, 190 U. S. 326, 23 Sup. Ct. 713, 47 L. Ed. 1078; Louisville Ry. v. Louisville Trust Co., 174 U. S. 552, 19 Sup. Ct. 817, 43 L. Ed. 1081; Baldwin v. Pacific Power & Light Co. (D. C.) 199 Fed. 291.

[2] Nottingham and Wilkinson, citizens and residents of New York, and the Globe Navigation Company, being a New Jersey corporation, could not be required to answer a demand for judgment in personam without their consent in this court; this not being the district of the citizenship and residence of Wilkinson and Nottingham, nor the district of the creation of the Globe Navigation Company, even though it may be doing business in this district and have a general agent pursuant to the laws of Washington. Judicial Code, § 51; Shaw v. Quincy, 145 U. S. 444, 12 Sup. Ct. 935, 36 L. Ed. 768; In re Keasbey & Mattison Co., 160 U. S. 221, 16 Sup. Ct. 273, 40 L. Ed. 402; Western Loan Co. v. Butte & Boston Mining Co., 210 U. S. 368, 28 Sup. Ct. 720, 52 L. Ed. 1101; Ladew v. Tennessee Copper Co., 218 U. S. 357, 31 Sup. Ct. 81, 54 L. Ed. 1069; Puget Sound Sheet Metal Works v. Great Northern Ry. (D. C.) 195 Fed. 350.

[3] It is contended that by the provisions of the act of 1875, supplemented by the act of 1888, it was the intention to give jurisdiction to any question between parties residing in different states; where several defendants were joined, and some of them served in the district of their residence, and the interests of all were joint or the business "really local," all could be sued in the locality where such business was conducted; and emphasis is placed upon section 8 of the act of 1875. Section 8 of the act of 1875 provides, in substance, that when, in any suit commenced in any Circuit Court of the United States to enforce any *lien* or equitable claim upon or claim to, or to remove any incumbrance or *claim* or *cloud* upon the title to, real

or personal property within the district where such suit is brought, one or more of the defendants thereto shall not be inhabitants of or found within the said district, or shall not voluntarily appear thereto, it shall be lawful for the court to make an order directing the defendants to appear, and provides for process and hearing, and adjudication of such suit in the same manner as if the said absent defendants had been served with process within the said district, "but said adjudication shall, as regard to said absent defendants, affect only the property which shall have been the subject of the suit and under the jurisdiction of the court therein within such district."

Manifestly, it appears to me from the allegations of the complaint and the prayer for relief that the contention is not well taken. Paragraph 21 of the complaint reads as follows:

"That in order that complainant may have, receive, and enjoy the be .efit of his judgment hereinbefore set forth, it is necessary that the Globe Navigation Company (of New Jersey) be required to pay, and that William Nottingham, H. S. Wilkinson, J. W. Clise, and H. R. Clise, the real owners of the capital stock and the real incorporators of Globe Navigation Company, organized under the laws of New Jersey, be compelled to pay into this court a sufficient sum upon their subscription so made by and in the name of F. F. Johnston and otherwise for the stock of the Globe Navigation Company, Limited, to satisfy such judgment, together with interest thereon and the costs and disbursements of this action."

And the prayer reads:

"Wherefore complainant prays that testimony be taken as to the facts in regard to the cause above set forth and be returned to this court, and after due hearing, a final decree be entered in favor of the complainant as against the defendants herein, and each and all of them, decreeing their true and full interest in this matter, and for the full amount of complainant's judgment, with interest and costs."

I am of opinion that in no sense can the cause of action be said to belong to the exceptional cases referred to in section 8. It is not an action to establish a "claim to" real property in the district, or enforce a lien or remove a cloud upon the title to real or personal property. Ladew v. Tennessee Copper Co., supra. There is no property the subject of this suit. The action is bottomed on conspiracy, and the proceeding is in personam. Clearly complainant cannot proceed under section 8 of the act of 1875, and section 50 of the Judicial Code specifically fixes the legal status of the parties and the procedure which must be taken by this court.

The objections are sustained. An order may be accordingly entered.