### EVERETT RY., LIGHT & POWER CO. v. UNITED STATES.

(District Court, W. D. Washington, N. D. May 12, 1916.)

No. 85, E

1. COURTS ⬤314—CITIZENSHIP OF PARTIES—CORPORATIONS—STATE OF CREATION.

The citizenship of a corporation, for the purpose of jurisdiction of the federal courts, is in the state of its creation.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 860; Dec. Dig. ⬤314.]

2. COURTS ⬤276—FEDERAL COURTS—JURISDICTION—WAIVER OF OBJECTIONS.

Since Tucker Act March 3, 1887, c. 359, 24 Stat. 505, under which a corporation sued the United States to recover moneys, the payment of which it was contended was wrongfully required, is for the benefit of the suitor, jurisdictional objections may be waived by the government.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 815; Dec. Dig. ⬤276.]

3. APPEARANCE ⬤3—WHAT CONSTITUTES—MODE OF APPEARANCE.

Appearance, which means the coming into court as a party in a proceeding and asking relief in the progress of the cause, may be made by the party in person or by his agent.

[Ed. Note.—For other cases, see Appearance, Cent. Dig. §§ 9–11; Dec. Dig. ⬤3.

For other definitions, see Words and Phrases, First and Second Series, Appearance.]

4. APPEARANCE ⬤8(4)—QUALIFICATION OF APPEARANCE—ORAL MOTION.

That a motion for relief in the progress of a cause was oral does not qualify the appearance thus made.

[Ed. Note.—For other cases, see Appearance, Cent. Dig. §§ 31–33; Dec. Dig. ⬤8(4).]

5. APPEARANCE ⧈⟶9(5)—EFFECT OF—WAIVER OF JURISDICTIONAL OBJECTIONS.
Under the Tucker Act, a corporation created under the laws of Delaware sued the United States in the District Court for Washington. The United States orally moved for an extension of the time to appear, move, or answer in the cause, and the extension was granted, with the consent of plaintiff. *Held* that, though the motion was oral, nevertheless it constituted a general appearance, whereby relief was asked, and hence was a waiver of any objection that the suit could be maintained only in the district for Delaware, the state of the corporation's creation.

[Ed. Note.—For other cases, see Appearance, Cent. Dig. §§ 47–49; Dec. Dig. ⧈⟶9(5).]

In Equity. Suit by the Everett Railway, Light & Power Company against the United States. On motion to dismiss. Motion denied.

James B. Howe, of Seattle, Wash., for plaintiff.

Clay Allen, U. S. Atty., and Albert Moodie, Asst. U. S. Atty., both of Seattle, Wash.

NETERER, District Judge. The plaintiff has sued the government, and prays refund of moneys heretofore paid to the government, which payments, it is alleged, were wrongfully required. Plaintiff alleges its residence is in the city of Everett, this district, and that it was incorporated under the laws of the state of Delaware and authorized to do business in this state; that all of its property is situated in this judicial district. On the 28th of March, 1916, in open court, the following order was presented to the court by the district attorney for signature, bearing the O. K. of counsel for plaintiff:

"Upon the oral motion of ———— attorney for the defendant in the above-entitled cause, it is hereby ordered that the above-named defendant be and is hereby given to and including the 29th day of April, 1916, in which to file herein its appearance, motion or answer.

"Done in open court this 28th day of March, 1916.

"Jeremiah Neterer, United States District Judge."

On April 28, 1916, the defendant, "appearing specially for the purpose of this motion, and for no other purpose whatsoever," moved the court to dismiss this action—

"for the reason that it is apparent from the face of the petition itself that this court is without jurisdiction thereof; it appearing that the plaintiff corporation was organized under the laws and is a citizen of the state of Delaware. No jurisdictional fact is disclosed in the petition."

[1] It is the settled law that the citizenship of a corporation, for the purpose of jurisdiction of the federal courts, is in the state of its creation. Revett v. Clise (D. C.) 207 Fed. 673, and cases cited. Home, domicile, habitat, residence, and citizenship of a corporation has been held by the Supreme Court of the United States, in Shaw v. Quincy Mining Co., 145 U. S. 444, 12 Sup. Ct. 935, 36 L. Ed. 768, to be synonymous. In the language employed by the court in Shaw v. Quincy Mining Co., supra, the distinction, if any, between residence and citizenship, was not before the court. The only matter in issue was the citizenship of the corporation, and the language employed with relation to residence was purely obiter dictum. The Tucker Act, under which

this action is prosecuted, permits action in the district where plaintiff resides, whereas the provision of law considered by the court in Shaw v. Quincy Mining Co., supra, bases the jurisdiction upon citizenship.

[2] That the jurisdictional objection can be waived by the defendant, since the Tucker Act, under which this prosecution is instituted, was primarily intended for the benefit of the plaintiff, there is no longer question. U. S. v. Hvoslef, 237 U. S. 1, 35 Sup. Ct. 459, 59 L. Ed. 813, Ann. Cas. 1916A, 286; Thames & Mersey Ins. Co. v. U. S., 237 U. S. 19, 35 Sup. Ct. 496, 59 L. Ed. 821, Ann. Cas. 1915D, 1087; N. Y. Co. v. U. S. (D. C.) 202 Fed. 311.

[3-5] I think this case must be determined upon the fact as to whether the appearing in court by the defendant and obtaining the order of enlargement of time to answer was the doing of an act in the progress of the cause, and therefore a general appearance and submission to the jurisdiction of the court. Appearance means the coming into court as a party in a proceeding and asking relief in the progress of the cause. Thompson v. Michigan Mutual Ben. Ass'n, 52 Mich. 522, 18 N. W. 247. A party may appear in person or by his agent. Wagner v. Kellogg, 92 Mich. 616, 52 N. W. 1017. And if he does any act or asks any relief from which it may be presumed that he acknowledged the court's jurisdiction, his act is an appearance. Barbour v. Newkirk, 83 Ky. 529, 532. Obtaining an extension of time to plead, answer, demur, or to take such other action as it may be advised is equivalent to a general appearance. Hupfeld v. Automaton Piano Co. (C. C.) 66 Fed. 788; Biggs v. Stroud (C. C.) 58 Fed. 717; Waters v. Central Trust Co., 126 Fed. 469, 62 C. C. A. 45.

The fact that the motion was made orally does not qualify the appearance. Zobel v. Zobel, 151 Cal. 98, 90 Pac. 191. A defendant having by oral motion caused the court to make an order in the cause, thereby submitting to and invoking the jurisdiction of the court, may not thereafter challenge the jurisdiction. Murphy v. Herring-Hall-Marvin Safe Co. (C. C.) 184 Fed. 495. Defendant, appearing before the bar of the court and obtaining the grant of relief (Curtis v. McCullough, 3 Nev. 202; Ayres v. Western Railroad Co., 48 Barb. [N. Y.] 132), extension of time, necessarily submitted to the jurisdiction of the court, and must be held to be an appearance.

"It was doing an act in the progress of the cause and submitting to the jurisdiction of the * * * court, and was equivalent to an appearance. Ayres v. Western Railroad Co., supra. See, also, Curtis v. McCullough, supra; Insurance Co. v. Swineford, 28 Wis. 257; Texas & Pacific Ry. Co. v. McCarty, 29 Tex. Civ. App. 616, 69 S. W. 229; Murat v. Hutchinson, 16 N. J. Law, 46; Sargent v. Flaid, 90 Ind. 501." Murphy v. Herring-Hall-Marvin Safe Co., supra.

The order entered in this case is not unlike the order in issue in Murphy v. Hering-Hall-Marvin Safe Co., supra, which was by Judge Van Fleet held a general appearance.

I think the motion to dismiss must be denied.