## BROOKINGS STATE BANK v. FEDERAL RESERVE BANK OF SAN FRANCISCO.

(District Court, D. Oregon. July 30, 1923.)

1. **Stipulations ⬅16—Equivalent to consent order of court.**
   A stipulation between parties to a suit, filed in court, has the same effect and potency as an order of the court, agreed to by the parties, to the same purpose.

2. **Appearance ⬅9(1), 19(1), 22—Filing of stipulation extending time for defendant to plead held "general appearance."**
   The filing by counsel for defendant of a stipulation, signed at his instance, extending the time for defendant to plead, demur, or make such motion as advised, *held* a "general appearance" which waived the right of defendant to be sued in the district of which it was an inhabitant and gave the court jurisdiction over its person.

   [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, General Appearance.]

3. **Appearance ⬅27—Court should not relieve party from effect of appearance to detriment of opposing party.**
   While the court has power in its discretion to relieve a defendant from the effect of a general appearance, it should not do so where the appearance was through a stipulation sought by defendant and under which plaintiff has acquired a valuable right.

At Law. Action by the Brookings State Bank against the Federal Reserve Bank of San Francisco. On motion to dismiss for want of jurisdiction. Denied.

See, also, 281 Fed. 222.

T. T. Bennett, of Marshfield, Or., and John F. Reilly, of Portland, Or., for plaintiff.

Albert C. Agnew, of San Francisco, Cal., for defendant.

WOLVERTON, District Judge. In this case there is diversity of citizenship. A federal question is also involved. So it cannot be said that jurisdiction is founded only on the fact of diversity of citizenship. The defendant is a federal reserve bank, with its head office and principal place of business in San Francisco, Cal., and with branch banks elsewhere, one of these being located at Portland, Or. Plaintiff has sued the defendant in this court, in tort. Service was had upon Frederick Greenwood, manager of the Portland Branch, within this jurisdiction, on November 18, 1922. On November 23d, the attorney for the defendant bank wired from San Francisco to the attorney for plaintiff, as follows:

"I refer to complaint for damages Brookings Bank against Federal Reserve Bank filed in Portland November eighteenth. Owing to pressure of other work and engagements in Seattle and Salt Lake it will be difficult if not impossible for me to give consideration to preparation of answer or other pleading at this time. Will you kindly give stipulation that defendant may have thirty days from November eighteenth nineteen twenty two within which to demur, answer or file such other pleading to complaint or otherwise as defendant may be advised by counsel. Will appreciate your courtesy in this connection. Please wire reply quickly."

On the same day attorney for plaintiff wired:

"Your request November twenty-third re Brookings Bank case is agreed to. Prepare written stipulation if you wish, forward it to me and I will sign."

Also on the same day, attorney for defendant mailed to attorney for plaintiff a stipulation, entitled in the cause pending, of the following tenor:

"Stipulation Extending Time to Plead.

"It is hereby stipulated by and between respective counsel for the above-named parties that the defendant, Federal Reserve Bank of San Francisco, may take and have to and including the twenty-eighth day of December, 1922, within which to answer the complaint on file in the above-entitled action, or to demur thereto, or to make such other motion or motions in respect thereto, or in respect to the cause of action stated therein, as said defendant, Federal Reserve Bank of San Francisco, may be advised by counsel."

The stipulation was signed by attorney for plaintiff, and returned to counsel for defendant, who thereupon signed it, and mailed it to the clerk of the court, with directions:

"I hand you herewith stipulation extending time for defendant to plead in the above-entitled matter. I will appreciate it if you will present the stipulation to the court, have it approved and file."

When the stipulation was received, the court's attention was called to it by the clerk, and the following order was made respecting it:

"Now at this day upon motion of defendant on file herein, said defendant appearing by Mr. A. C. Agnew of counsel,

"It is ordered that said defendant be and it is hereby allowed to and including Thursday December 28, 1922, to answer, demur or file such other motion as it may be advised."

It is apparent that counsel for defendant, as it relates to the order, made no other appearance in court than is evidenced by his letter of instructions to the clerk. On December 26, 1922, the defendant, appearing specially by its attorney, moved the court to dismiss the cause, for the reason that the defendant is not an inhabitant within the district in which the action has been instituted.

The crucial question presented for decision is whether defendant waived jurisdiction over its person by entering into, and causing to be filed with the clerk of the court, the stipulation for an extension of time within which to plead.

[1] It ought not to be controverted that a stipulation between parties to a suit or action, filed in court, has the same effect and potency as an order of the court, agreed to by the parties, to the same purpose. The purpose of the parties is subserved in either event, as, in the present case, the time was enlarged in which the defendant was entitled to answer, etc.

[2] The jurisdiction in controversy here pertains to the person, and not to the subject-matter. Clearly, the court has jurisdiction of the subject-matter. The court having such jurisdiction, the defendant may waive jurisdiction over the person, and the question involved here is whether it has done so.

"Waiver is the intentional relinquishment of a known right." Waters v. Central Trust Co., 126 Fed. 469, 472, 62 C. C. A. 45, 48.

"The taking of any proceeding, other than a special appearance and a motion or plea founded thereupon, is equivalent to a general appearance and a submission of the defendant's person to the jurisdiction of the court." 1 Foster's Federal Practice (4th Ed.) p. 459.

So, where counsel appeared and moved to dismiss the bill for want of jurisdiction, and also for want of equity, it was held to be a waiver of a nonresident's privilege, and to amount to a voluntary appearance. Jones v. Andrews, 10 Wall. 327, 19 L. Ed. 935.

"An application for an extension of time to plead is a recognition of the jurisdiction of the court over the person and constitutes a general appearance." 4 C. J. § 31, p. 1339.

In Hupfeld v. Automaton Piano Co. (C. C.) 66 Fed. 788, the defendants, nonresidents, applied to the court and obtained an extension of time to plead, answer, demur, or take such other action as might be advised, and it was held, on motion to dismiss on the ground of want of jurisdiction, that obtaining such extension of time was the equivalent of a general appearance. See, also, to the same purpose, Briggs v. Stroud (C. C.) 58 Fed. 717; Waters v. Central Trust Co., 126 Fed. 469, 471, 62 C. C. A. 45; Murphy v. Herring-Hall-Marvin Safe Co. (C. C.) 184 Fed. 495; Everett Ry., Light & Power Co. v. United States (D. C.) 236 Fed. 806, 808.

Attention has been given the case of Bacon v. Federal Reserve Bank of San Francisco (D. C.) 289 Fed. 513, recently decided by Judge Neterer; but it is not applicable here. The case last cited, decided by the same learned judge, has applicability, and serves pointedly, when compared with the Bacon Case, to illustrate the distinction between a general and a special appearance.

Both the letter asking for stipulation for extension of time, addressed to counsel for plaintiff, and the stipulation entered into by counsel for the parties, show unmistakably that it was the purpose of defendant to obtain an extension of time within which to answer, demur to the complaint, or make such motion in respect thereto as it might be advised. Nothing is said from which to infer that defendant designed to reserve its right or privilege of objecting to the jurisdiction of the court over the person of the defendant. The appearance is obviously general in its effect, and is tantamount to a waiver of jurisdiction over the person. Counsel says now, in effect, that he did not intend that his appearance, thus made on the part of defendant, should subject it to the jurisdiction of the court; but the acts speak for themselves, and show incontrovertibly their purpose.

[3] Another question is presented, which pertains to the power of the court, in its discretion, to relieve the defendant of the effect of its general appearance, and allow it now to appear specially for contesting jurisdiction over the person. While it is obvious that the court is possessed of such power, it is not at all clear that it should so exercise it in the present case. To permit the defendant to raise the question now would be to permit it to violate a solemn stipulation, in which the opposing party has acquired a valuable right, and this by extending to the defendant a favor asked for and granted.

The motion to dismiss will be denied.