[Civ. No. 6475. First Appellate District, Division Two.—April 16, 1929.]

GILINSKY FRUIT COMPANY, Appellant, v. JAMES C. DAVIS, as Presidential Agent, etc., Respondent.

Harris & Hayhurst and Rue C. Gibson for Appellant.

L. L. Cory and W. H. Stammer for Respondent.

STURTEVANT, J.—The plaintiff commenced an action against the defendant to recover damages to some shipments of green fruit. The defendant answered and a trial was had before the trial court sitting with a jury. The plaintiff introduced its proof and rested. Thereafter the defendant introduced his proof and rested. Later the plaintiff introduced proof in rebuttal and then it rested. Thereupon the defendant made a motion that the jury be directed to

bring in a verdict in favor of the defendant. The motion was granted and a judgment based on that verdict was entered. In due time the plaintiff made a motion for a new trial, the motion was denied and the plaintiff appealed from the judgment.

The motion for a directed verdict was based on the ground that summons was served on E. A. Van Wynen, statutory agent for the Southern Pacific Company, and was not served on anyone' as statutory agent for Modesto & Empire Traction Company, Atchison, Topeka & Santa Fe Railroad Company, or Missouri Pacific Railroad Company, the roads over which the plaintiff alleged in its complaint the shipment was carried. In its brief the plaintiff quotes many parts of the record showing that the defendant did many different acts, each of which constituted a general appearance, and that the defendant's objections were dilatory and should have been so treated, and that the facts proved by the plaintiff made out a *prima facie* case, every element being supported by substantial evidence, and therefore no directed verdict should have been ordered. The defendant filed a brief in which he does not controvert any of the foregoing contentions. However, he asserts most earnestly that ''Under the Transportation Act of 1920 the presidential agent can be sued only in connection with a cause of action against a particular railroad arising out of federal control, and service of summons upon him can only be made through the agent of that particular carrier which caused the alleged liability to arise.'' He then proceeds to quote the record showing that no summons was served on any one of the railroads specified in the complaint and contends that the verdict was properly directed in his behalf. The general contention so made by the respondent is admitted by the plaintiff; but, it replies, that service or nonservice of summons had ceased to be a material factor in the case. It points to the record showing that the second amended complaint was filed June 29, 1923; that on July 10, 1923, the defendant, without limiting his capacity in any respect, filed a demurrer whch was overruled; that on May 22, 1925, in the same manner he interposed an answer specifically denying the material allegations of the plaintiff's complaint, and that at no time and in no manner, by a special appearance therefor, or otherwise, did the defend-

ant attempt to quash the service or claim nonservice of summons except as we will now state.

On September 16, 1926, the defendant filed an amendment as "of course" to his answer and therein alleged that the summons was served on the Southern Pacific Company but not on any one of the roads mentioned in the complaint. On December 1, 1926, the defendant, with leave of the court, filed an amended answer which combined the original answer and the amendment thereto. Plaintiff asserts that, by these acts, the defendant waived any defect in the service of summons, and, conceding the full force and effect of the general rule contended for by the defendant, nevertheless, when a sovereign comes into court the rules of practice are the same as those applicable to the humblest citizen. In reply the defendant claims "The presidential agent has no power or authority to waive any of the terms of the Transportation Act of 1920." In this behalf he cites and relies on *Stanley* v. *Schwalby,* 162 U. S. 255 [40 L. Ed. 960, 16 Sup. Ct. Rep. 754; see, also, Rose's U. S. Notes] ; *Tutsch* v. *Director-General of Railroads,* 52 Cal. App. 650, 654 [199 Pac. 861] ; *Jenness* v. *Payne,* 81 N. H. 308 [125 Atl. 679] ; *Vassau* v. *Northern Pac. Ry. Co.,* 69 Mont. 305 [221 Pac. 1069] ; *Davis* v. *Donovan,* 265 U. S. 257 [68 L. Ed. 1008, 44 Sup. Ct. Rep. 513]. In its reply brief appellant examined and distinguished each one of those cases, and showed that no one of them supported the claim made by the defendant. On the oral argument the defendant made no attempt to show that the criticism of the authorities so made by the plaintiff was unsound. We have examined those authorities and do not find them applicable.

The rule applicable to the ordinary suitor is against the claim made by this defendant. (4 C. J. 1350; 3 Cal. Jur. 15.) In the litigation entitled *The Ulrik Holm,* 298 Fed. 849, the following facts were involved: The "Ulrik Holm," a vessel owned by a Danish corporation, and the tug "Catawissa," owned by the Redding Company, collided in the Boston Harbor. A libel was brought by the Redding Company and a cross-libel by the Danish corporation. Later, Walker D. Hines, Director-general of Railroads of the United States, appeared as claimant of the "Catawissa," and on his request was made a party respondent. On the trial the District Court ruled against the Redding Company and

in favor of the Danish corporation. Appeals were taken to the Circuit Court of Appeals. The director-general complained that the decree of the district court was in effect a decree *in persona,* but the court replied that even though it was he had appeared in person and, on his request, he had been made a party respondent in the cross-libel and that the District Court had jurisdiction to enter a personal judgment against him as director-general. An application for a writ of *certiorari* was denied. (*Reading Co.* v. *Marius Nielson & Sons,* 266 U. S. 615 [69 L. Ed. 469, 45 Sup. Ct. Rep. 96].) In the case of *New Jersey Shipbuilding & Dredging Co.* v. *Davis,* 291 Fed. 617, the plaintiff was complaining of the acts of two different railroads which were under administration of the defendant. The defendant had retained an attorney, one for each of his agencies, and each attorney appeared for him generally. Process had not been served on the agent of either of the railroads. The defendant claimed that, therefore, the court had no jurisdiction of him. The court ruled against him saying no suggestion can be found in the books of any such limitation upon a general appearance. In the case of *Rosenzweig* v. *Hines,* 285 Fed. 622, the process was served on the director-general. At that time he was not acting and the service was unauthorized. The court said: "Although the director general was irregularly served with a summons and complaint, I think the designated agent had the right afterwards to waive any irregularity of that nature, and submit himself to the jurisdiction of the court by his general appearance, and answer to the merits, or by his consent to be substituted in the place of the director general. Having done so by his attorney, he could not in fairness at the trial take the position that he had not been properly served with process in his representative capacity, and thus oust the plaintiffs." The decision was affirmed by the Circuit Court of Appeals, 285 Fed. 1021. (*World Pub. Co.* v. *Davis,* 16 Fed. (2d) 130), involved the trial of several consolidated cases. Motions to quash service of summons was made and denied. Thereupon the defendant filed other pleadings in the cases. A trial was had and one of the points made by the defendant was that he was not properly before the court. The court said: "I am clearly of the opinion that the defendant has made general appearances in each of the cases, and

that this final contention is without merit." Conceding freely, as the defendant contends, that the government is not liable to suit unless it consents thereto, and its liability to suit cannot be extended beyond the plain language of the statute authorizing it, we think that the facts of this case do not bring anything that we have said in conflict with that rule. True it is that under the Transportation Act the federal government consented to be sued. True it is that each one of the railroads, while under the operation of the federal government was an agency of the federal government, but there are and have been, from time to time, analogous situations. A federal reserve bank is an agency of the federal government, but a general appearance by one of those banks is a waiver of jurisdiction of its person. (*Brookings State Bank* v. *Federal Reserve Bank*, 291 Fed. 659.) National banks organized under the National Bank Act [12 U. S. C. A., sec. 1 et seq.] are instruments designed to be used in aid of the government. However, in suits to which a national bank is a party one of those banks confers jurisdiction of its person by entering a general appearance. (*First Nat. Bank of Charlotte* v. *Morgan*, 132 U. S. 141 [33 L. Ed. 282, 10 Sup. St. Rep. 37, see, also, Rose's U. S. Notes].) Moreover there are other statutes under which the federal government has consented to be sued. In actions brought under the Tucker Act [24 Stats. at Large, 505], it has been held that jurisdiction of the person is conferred by a general appearance. (*Everett Ry. Light & Power Co.* v. *United States*, 236 Fed. 806.) We think it is clear that the general rule above cited, 3 Cal. Jur. 15, is applicable and that at the time the motion for a directed verdict was made the plaintiff had made out a *prima facie* case and as the defendant had made a general appearance the question of service of process had ceased to be of importance and, therefore, the case should have been submitted to the jury. (See generally, 52 A. L. R. 327, note.)

The judgment is reversed and the cause is remanded for a new trial.

Koford, P. J., and Nourse, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 16, 1929, and a peti-

tion by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 13, 1929.

All the Justices present concurred.