[Civ. No. 3615. Second Appellate District, Division One.—May 18, 1921.]

MARIE TUTSCH, Appellant, v. THE DIRECTOR–GENERAL OF THE RAILROADS OF THE UNITED STATES, Respondent.

[1] APPEAL—ERROR — DUTY OF APPELLANT. — Every intendment is in favor of the regularity of the rulings of the trial court, and since error will not be presumed it devolves upon an appellant to affirmatively show the existence thereof.

[2] ID.—FILING OF AMENDED COMPLAINT—TIME—PRESUMPTION FROM RECORD.—Where an amendment to a complaint pursuant to section 472 of the Code of Civil Procedure was filed on the same day that a demurrer to the complaint was heard and a motion to dismiss the action granted, it must be assumed on appeal, in the absence of a showing to the contrary, that the filing of the amended complaint was after the trial of the issue of law on the demurrer.

[3] PLEADING—STATUTE OF LIMITATIONS.—Unless an action is commenced against a party within the statutory period, or unless such party is by proper proceedings made a defendant by amendment prior to the expiration of such period, no judgment can be had against such defendant, unless the statute is waived.

[4] RAILROADS — GOVERNMENTAL CONTROL — AGENT FOR PURPOSES OF SUITS—WAIVER OF STATUTE OF LIMITATIONS—WANT OF AUTHORITY. The person designated by the President of the United States under the Transportation Act of 1920 as the agent against whom actions arising out of governmental control of the railroads may be

brought is without express or implied authority to waive the benefit of the statute of limitations in an action brought against him in his representative capacity.

[5] Negligence—Government Control of Railroad—Amendment of Complaint—Bringing in of New Party—Agent of Government —Bar of Statute of Limitations.—Where an action for personal injuries due to the negligence of a railroad company while the company was under government control was brought after the termination of such control against the Director-General of the Railroads, instead of against the agent appointed by the President, and the plaintiff did not seek to make the agent a party defendant until after the expiration of one year from the accrual of the cause of action, the action as to such agent was barred by the statute of limitations and properly dismissed.

APPEAL from a judgment of the Superior Court of Los Angeles County. Charles Monroe, Judge. Affirmed.

The facts are stated in the opinion of the court.

Jack Greenberg for Appellant.

Fred E. Pettit, Jr., E. E. Bennett and A. S. Halsted for Respondent.

SHAW, J.—Plaintiff appeals from a judgment dismissing the action, which followed an order of the court sustaining a general demurrer to the complaint and an order granting defendant's motion to dismiss.

It appears from the complaint that on July 24, 1919, plaintiff, due to the negligence of the Los Angeles & Salt Lake Railroad Company, sustained personal injuries, and for the recovery of damages therefor she, on July 23, 1920, filed a complaint wherein the Director-General of Railroads of the United States was made sole defendant. In due time said defendant filed his demurrer and motion to dismiss the action. On the day of the hearing of the demurrer and motion plaintiff, as shown by the record, *without leave of court,* filed an amendment to the complaint wherein she alleged "that John Barton Payne was, under the Transportation Act of 1920, sections 205, 206, designated agent by the President of the United States of America, for the purpose of being a party defendant in actions brought against the Los Angeles & Salt Lake Railroad Company, as set forth in the complaint, and that said agent, John

Barton Payne, be and that he is hereby made a party defendant with the Director-General of the Railroads of the United States, in the above-entitled cause.'' At the hearing the demurrer was sustained and the motion granted.

The alleged injury was sustained on July 24, 1919, at which time the Los Angeles & Salt Lake Railroad was, pursuant to an act of Congress and proclamation of the President, under federal control and operated by the Director-General of Railroads of the United States. Under an act of Congress adopted February 28, 1920 (c. 91, 41 Stat. 456), such control and right to operate the railroad terminated on March 1, 1920. Subdivision (a) of section 206 of this last act provides that actions at law based on causes of action arising out of the possession, use, or control by the President of the railroad or system of transportation of any carrier of such character as prior to federal control could have been brought against such carrier, may, after the termination of federal control, be brought against the agent designated by the President for such purpose, which agent shall be designated by the President within thirty days after the passage of this act; and that ''such actions, suits, or proceedings may, within the periods of limitation now prescribed by state or federal statutes but not later than two years from the date of the passage of this act, be brought in any court which but for Federal control, would have had jurisdiction of the cause of action had it arisen against such carrier.'' Pursuant to the authority conferred by subdivision (a), the President designated John Barton Payne as the agent against whom actions of the character here involved should be brought. It thus appears that when the complaint herein was filed on July 23, 1920, no warrant of law existed for suing the Director-General of Railroads on account of the injury sustained by plaintiff, and hence the complaint stated no cause of action against him. Subdivision 3 of section 340 of the Code of Civil Procedure provides that the period for commencing an action for damages sustained by reason of the wrongful act or negligence of another is one year; hence when plaintiff, on August 17, 1920, sought to amend her complaint by making John Barton Payne the party defendant, more than one year had elapsed subsequent to the date of the injury, and since by subdivision (a) of

section 206 such actions are required to be brought within the period of limitation prescribed by the code, the action, unless the complaint was subject to such amendment, was, as to such proposed defendant, barred by the statute.

Appellant, basing her claim upon section 472 of the Code of Civil Procedure, insists that she, as a matter of right, was entitled to file the amendment. This section provides that a pleading may be amended once by the party of course at any time before answer or demurrer filed, or after demurrer filed and *before trial* of the issue of law thereon. [1] It is a well-recognized principle that every intendment is in favor of the regularity of the court's ruling, and since error will not be presumed, it devolves upon an appellant to affirmatively show the existence thereof. Hence, assuming (but, since under the circumstances made to appear we entertain grave doubts upon the question, not so deciding), that plaintiff was entitled, under section 472, to amend the complaint as of right by making John Barton Payne in such representative capacity the defendant, thus substituting a new action for that brought against the Director-General of Railroads of the United States, her right so to do was by said section of the code restricted to a time *before the trial* of the issue of law presented by defendant's demurrer. As appears from the record, the demurrer was heard and the order of dismissal made on August 17th, on which date plaintiff's amendment to the complaint was filed. [2] Whether or not the filing thereof preceded the trial of the issue of law upon defendant's demurrer is not made to appear, and assuming the correctness of plaintiff's contention as to her right to amend before trial, nevertheless, since we cannot *assume* the court erred, we must, in the absence of a showing that the filing of the amendment preceded the trial of the issue of law so presented, presume in support of the court's ruling that it was thereafter filed.

It appears that after the judgment was rendered on August 24th, plaintiff applied to the court, under the provisions of section 473 of the Code of Civil Procedure, for an order vacating and setting aside the same and allowing plaintiff to file the amendment to the complaint, which application was by the court denied. In so ruling it is

claimed the court abused its discretion. That the court may, in furtherance of justice, allow a party to amend any pleading by adding the name of a party, is provided by said section. [3] The general rule is that unless an action is commenced against a party within the statutory period, or unless such party is by proper proceedings made a defendant by amendment *prior to the expiration of such period,* no judgment can be had against such defendant, unless the statute is waived. (*Frost* v. *Witter,* 132 Cal. 421, [84 Am. St. Rep. 53, 64 Pac. 705]; *Peiser* v. *Griffin,* 125 Cal. 9, [57 Pac. 690].)

The rule that the statute of limitations does not operate by its own force as a bar but as a defense to be pleaded by the party invoking the benefit of its protection has, in our opinion, no application to a suit of this character. (*Finn* v. *United States,* 123 U. S. 227, [31 L. Ed. 128, 8 Sup. Ct. Rep. 82, see, also, Rose's U. S. Notes].) [4] While an individual may waive such a defense, no authority, either express or implied, was conferred upon John Barton Payne, as such agent and in a representative capacity, to waive the limitation, and hence, since the statute constituted a defense which he could not waive, no purpose could have been served by permitting the amendment of the complaint. Moreover, other than as authorized by section 206 of the Transportation Act, no warrant existed for suing John Barton Payne as such agent, and since plaintiff in bringing the action sought to avail herself of the privilege so granted by special act, in order to maintain the same, she must have strictly complied with the terms and conditions embodied in the statute, one of the provisions of which is that such suits must be brought within the period there specified, which, as applied to this case, is one year from the date of the injury. (*Carr* v. *United States,* 98 U. S. 433, [25 L. Ed. 209]; *Price* v. *United States,* 174 U. S. 373, [43 L. Ed. 1011, 19 Sup. Ct. Rep. 765, see, also, Rose's U. S. Notes]; sec. 52, 25 Ruling Case Law, p. 416.)

[5] Our conclusion is that no cause of action was stated against the defendant named in the complaint; that no amendment to the complaint was filed under section 472 of the Code of Civil Procedure until after the trial of the issue presented by defendant's demurrer to the complaint;

that at the time plaintiff, under section 473 of the Code of Civil Procedure, applied to the court to set aside the judgment and allow her to file an amendment to the complaint making John Barton Payne a party defendant, the action as to him was barred by the statute of limitations, and hence there was no abuse of discretion on the part of the court, and that plaintiff has suffered no prejudicial error by reason of any of the rulings of the court.

The judgment is affirmed.

Conrey, P. J., and James, J., concurred.