DAVIS, Agent, v. CROSSMAN. (No. 2097.)

(Court of Civil Appeals of Texas. Amarillo. March 14, 1923.)

**1. United States ⬤125—Conditions of suing government must be strictly complied with.**

When the consent of the government is given any party to institute a suit against it, it may prescribe the terms and conditions under which such suits might be brought, and such conditions must be strictly complied with, or the suit will be dismissed.

**2. Railroads ⬤5½, New, vol. 6A Key-No. Series—Action for injuries during federal control held barred by limitation.**

Where a suit against a railroad for damages caused during federal control was filed January 25, 1921, and the Director General of Railroads, who was made a party defendant by timely amendment, answered that he was not a proper party because he had resigned before the amendment, a subsequent suit filed May 3, 1922, against the proper federal agent was barred by the two-year limitation prescribed by Transportation Act Feb. 28, 1920, tit. 2, § 206(a), though the first suit, in which the proper defendant had not been cited, was consolidated with the second suit, filed against the proper party.

Appeal from Wheeler County Court.; L. D. Miller, Judge.

Action by R. W. Crossman against James C. Davis, Agent. From judgment for plaintiff, defendant appeals. Reversed, and rendered for defendant.

N. H. Lassiter, of Fort Worth, and C. E. Gustavus, of Amarillo, for appellant.

M. Reynolds, of Shamrock, and D. G. Reynolds, of Wheeler, for appellee.

HALL, C. J. On January 25, 1921, the appellee filed a suit against the Chicago, Rock Island & Gulf Railway Company, numbered 335 upon the docket of the county court of Wheeler county, to recover $790, alleged to be the amount of damages to a shipment of Jersey cattle made from Fort Worth to Benonine, Tex. Later, at the November term, 1921, the plaintiff filed an amended petition, making Walker D. Hines, Director General of Railroads, a party defendant, after the railway company had filed its answer setting up the fact that the company was under federal control. At the same term of the court Walker D. Hines, Director General, filed his original answer, alleging that he was not, at the time of the filing of plaintiff's amended petition making him a party, nor at the time of service of citation upon F. E. Stevens, of Shamrock, as his local agent, the Director General of Railroads, but that long before the dates referred to he had resigned such position, and that one James C. Davis was appointed and was duly qualified as such at the time of filing the petition, and at all times since. Later, on May 3, 1922, the appellee filed another suit upon the same cause of action in the county court of Wheeler county against James C. Davis, Agent, numbered 403 upon the docket of said court. At the appearance term of said court on May 24, 1922, Davis, as Agent, set up the statute of limitations of two years and the two-year limitation prescribed in Transportation Act February 28, 1920, tit. 2, § 206(a). This answer was met by a motion to consolidate both of the suits, and over the protest of the appellant cause No. 335 was consolidated with cause No. 403. No repleader was ordered, and the transcript contains all of the pleadings filed in both suits. The appellant requested peremptory instructions in his favor, which were refused. The court directed a verdict in favor of the C., R. I. & G. Railroad Company and Walker D. Hines, as Director General, gave a general charge submitting the liability of appellant as Agent and the jury returned a verdict in plaintiff's favor, assessing the damages at $500.

The case is before us upon the single proposition that the cause of action against the appellant was barred by the provisions of the Transportation Act of 1920, and that the judgment should have been rendered in his favor upon that ground. It is alleged that the shipment was made on February 25, 1920, and delivered at Benonine on February 29, 1920, during federal control; that no suit was ever filed against the appellant Davis, as Agent, until May 3, 1922, more than two years after the passage of the Transportation Act of 1920. The federal Transportation Act (41 Stat. 456, 461, Federal Reporter, Advance Sheets, vol. 262, No. 2, April 1, 1920, p. 338) provides in section 206 (a) that the cause of action of the character under consideration "may, within the periods of limitation now prescribed by state or federal statutes but not later than two years from the date of the passage of this act, be brought in any court which but for federal control would have had jurisdiction of the cause of action had it arisen against such carrier." But for this statute the appellee could not have instituted the suit, since it is practically one against the government.

[1] The federal government, like all other sovereign powers, had the power to deny any one the right to institute any suit against it,

based upon matters growing out of its control and operation of the railroads. When the consent of the government is given any party to institute a suit against it, under its sovereign powers, it may prescribe the terms and conditions under which such suits might be brought. When so prescribed these conditions must be strictly complied with, whether they are reasonable or unreasonable or else the suit will be dismissed. Hans v. State of Louisiana, 134 U. S. 1, 10 Sup. Ct. 504, 33 L. Ed. 842.

[2] As stated, suit No. 403 was not filed until more than two years after the passage of the Transportation Act. Cause No. 335 named the railway company in the original petition, and the law is settled that the company cannot be held for damages occurring upon its line or by reason of the operation thereof, while under federal control. At the November term, 1921, the appellee amended his petition, making Walker D. Hines, Director General, a party. This amendment was filed in time, and, if James C. Davis had been made defendant, the proceeding would have been proper, and we could have affirmed the judgment, but by his amendment he made another party, who by reason of his resignation was not a proper party, defendant. The answer of Hines informed appellee that James C. Davis was the proper party to be sued. No diligence was used in making him a party by amendment, which could have been done in the original suit, prior to the expiration of the two-year limitation. Until the proper party was sued and served, the period of limitation provided by the Transportation Act continued to run. Consolidating the first suit, in which there had never been any service, and in which the proper defendant had not been cited, with the second suit filed against the proper party, did not toll the statute. Tutsch v. Director General (Cal. App.) 199 Pac. 861. This action was not pending at the time federal control ended, and is therefore governed by Transportation Act, § 206, subd. (a), and not by subdivision (d) of the act. Hines v. Collins (Tex. Civ. App.) 227 S. W. 332.

The judgment of the trial court is therefore reversed, and is here rendered in favor of the appellant.