VASSAU ET AL., APPELLANTS, *v.* NORTHERN PACIFIC RAILWAY CO. ET AL., RESPONDENTS.

(No. 5,341.)

VASSAU ET AL., APPELLANTS, *v.* CHICAGO, MILWAUKEE & ST. PAUL RAILWAY CO. ET AL., RESPONDENTS.

(No. 5,342.)

(Submitted November 21, 1923. Decided December 24, 1923.)

[221 Pac. 1069.]

*Railroads—Livestock Shipments—Injury in Transit During Federal Control—Wrong Party Defendant—Expiration of Limitation—Dismissal.*

United States—Actions Against—Consent to be Sued—Compliance With Terms Necessary.
　　1. The United States may not be sued without its consent; it may give its consent upon such terms and conditions as it sees fit to impose, however unreasonable they may appear to be, and a suitor must comply therewith at his peril.

Federal Statutes—Construction by Congress Entitled to Consideration by Courts.
　　2. The construction given to a federal statute by Congress, though not conclusive upon the state courts, is entitled to most serious and respectful consideration.

Actions—Wrong Party Defendant—Substitution of Proper Party—Commencement of Action—Statute of Limitations.
　　3. Where the complaint as originally filed did not state a cause of action against the defendant named, and in order to state a

cause of action at all it was necessary to substitute a new party defendant, the action against the latter was commenced when the substitution was made, entitling him to interpose the defense of the statute of limitations.

Railroads—Livestock Shipment—Injury in Transit During Federal Control—Wrong Party Defendant—Expiration of Limitation—Dismissal. 4. Under section 206 of the Federal Transportation Act the United States government consented that after termination of federal control of railroads a shipper of livestock might sue it for damages suffered in transportation thereof during control, in the name of an agent designated by the President for that purpose. At the time the action was commenced D. was such agent. Plaintiff brought suit against P., the predecessor of D. More than two years after the cause of action had accrued, plaintiff substituted D. for P. as defendant in the title of the action. The shipping contract provided that an action of this nature must be commenced within two years after the stock had been delivered at destination. *Held,* under the above rules, that the action against the government, the real party defendant, was not commenced until D. was substituted for P., as presidential agent, and that, the limitation of two years within which the action could be brought having then run, the special defense that the action was barred, which D. could not waive, was available to defendant, and the complaint was properly dismissed.

*Appeal from Fifteenth Judicial District Court, Rosebud County; Geo. A. Horkan, Judge.*

Consolidated Actions by C. V. Vassau against the Northern Pacific Railway Company, and John Barton Payne, as Director-General of Railroads and as Agent appointed by the President under the Transportation Act of 1920, and against the Chicago, Milwaukee & St. Paul Railway Company, and same codefendant named in the first action. From a judgment of dismissal plaintiffs appeal. Affirmed.

*Messrs. Lloyd & Peabody, Messrs. Young & Young* and *Messrs. Nichols & Myers,* for Appellants, submitted an original and a supplemental brief; *Mr. Henry L. Myers* and *Mrs. Marguerite Young* argued the cause orally.

Under the terms of the Transportation Act of 1920, and of section 206(a) thereof, at the time of the bringing of these actions the only proper party to make a defendant in such an action was the "Agent appointed by the President under

---

4. Presidential agent as proper party defendant in suit after termination of federal control, see note in 19 A. L. R. 680.

the Transportation Act of 1920.'' We contend that these actions could properly have been brought simply against the ''Agent appointed by the President under the Transportation Act of 1920'' (without naming him). There was no need to name the incumbent. That would have been a sufficient designation of the defendant and would have been sustained. Anything more was surplusage. The case of *Bailey* v. *Hines*, 131 Va. 421, 109 S. E. 470, is almost identical with and is completely analogous to the cases at bar. Precisely the same single question was involved, and to it the attention of the court is earnestly invited. (See, also, *Westbrook* v. *Director-General of Railroads*, 263 Fed. 211; *Blevins* v. *Hines*, 264 Fed. 1005.) Upon these authorities we claim there was made no change of defendants; that the correct designation of the proper defendant was always in the titles of the actions and that an improper party defendant was dropped, by consent, and surplusage as the other defendant was, likewise by consent, stricken; that the ''Agent appointed by the President under the Transportation Act of 1920'' was the only requirement as to designation of defendant (always in) and that the insertion of the name of James C. Davis before that designation was harmless surplusage.

The real party in interest, the real defendant, is the United States. The cases at bar are in effect actions against the United States. The ''Agent designated (or appointed) by the President under the Transportation Act of 1920'' is the only *nominal* defendant, an agent for the *real* defendant, and misnaming him cannot mislead or prejudice the real defendant, the United States. (*Bailey* v. *Hines, supra; Louisville & N. Ry. Co.* v. *Shikle*, 206 Ala. 494, 90 South. 900; *Sandoval* v. *Davis*, 178 Fed. 968; *Stark* v. *Payne*, 271 Fed. 477.)

There are some decided cases in which the plea of the statute of limitations was not interposed but in which it is distinctly held that substitution of defendant relates back to the beginning, so if that plea had been made it would evidently have been unavailing. (*City of Newport* v. *Commonwealth*,

106 Ky. 434, 45 L. R. A. 518, 50 S. W. 845, 51 S. W. 433; *Town of Latonia* v. *Hopkins,* 104 Ky. 419, 47 S. W. 248; *Adams* v. *Weeks,* 174 Mass. 45, 54 N. E. 350; *Southack* v. *Gleason,* 49 Misc. Rep. 445, 98 N .Y. Supp. 859; *Durkee* v. *Conklin,* 13 Colo. App. 313, 57 Pac. 486; *Missouri Pac. Ry. Co.* v. *Johnson,* 153 Ark. 146, 239 S. W. 738; *McDonald* v. *Ward,* 57 Conn. 304, 18 Atl. 51; *Lane* v. *Seaboard & Roanoke R. R. Co.,* 50 N. C. 25; *Bush* v. *Serat* (Mo. App.), 217 S. W. 865.)

We now cite cases in which there was a substitution or change of defendants and in which the plea of limitation of action was thereafter interposed and the same ruling was made. (*McLaughlin* v. *West End St. Ry. Co.,* 186 Mass. 150, 71 N. E. 317; *Pennsylvania Co.* v. *Sloan,* 125 Ill. 72, 8 Am. St. Rep. 337, 17 N. E. 37; *Western Union Tel. Co.* v. *State,* 82 Md. 293, 51 Am. St. Rep. 464, 31 L. R. A. 572, 33 Atl. 763; *Fountain* v. *Board of County Commrs.,* 171 N. C. 113, 87 S. E. 990.)

Misnomer of a defendant is immaterial if the summons be served on the same party upon whom it should and would have been served if the defendant had been rightly named. (*Fox.* v. *Hale & Norcross Silver Min. Co.,* 5 Cal. Unrep. 980, 53 Pac. 32, 169.) That was done in the cases at bar. In each case the summons was served upon exactly the same party as it would have been served upon if James C. Davis, as agent, had been named defendant in the beginning; served on the party who represented the presidential agent, whatever his name. The complaint and summons might as well have been named, as the agent, John Doe as John Barton Payne. It made no difference. The summons was directed to the presidential agent. Had John Doe been named as presidential agent, the service would have been good and the name of James C. Davis could have been substituted for that of John Doe just as it was substituted for that of John Barton Payne. (See, also, *Texas & Pacific Ry. Co.* v. *Huffman,* 83 Tex. 286, 18 S. W. 741; *Gewe* v. *Hamszen,* 85 Mo. App. 136; *Burgie* v. *Parks et al.,* 11 Lea (Tenn.), 84; *Kerrigan* v. *Peters,* 168 App. Div. 292,

95 N. Y. Supp. 723; *Burton* v. *Buckeye Ins. Co*, 26 Ohio St.
467; 25 Cyc. 1304.)

*Messrs. Gunn, Rasch & Hall, Messrs. Murphy & Whitlock*
and *Messrs. Campbell & Carolan,* for Respondents, submitted a
brief; *Mr. E. M. Hall* and *Mr. A. N. Whitlock* argued the
cause orally.

If appellant's contention that there has been no change of
defendants and that the original complaints were suits against
the then existing agent designated by the President, and that
the words "John Barton Payne, as Director-general of rail-
roads and as," can be treated as surplusage, then the supreme
court of the United States was in error in holding that, under
the Act of Febraury 8, 1899, Chapter 121, 30 Stats. at Large
822, U. S. Comp. Stats. 916, section 1594, 8 Fed. Stats. Ann.,
2d ed., p. 953, actions brought against or by directors-general
of railroads, or agents designated by the President, whether
in their names as such officers or simply in the name of the
office, abated, unless a motion to substitute their successor was
made within one year after their resignation. (See *LeCrone*
v. *McAdoo*, 253 U. S. 217, 64 L. Ed. 869, 40 Sup. Ct. Rep. 510;
*Payne* v. *Industrial Board of Illinois*, 258 U. S. 613, 66 L. Ed.
790, 42 Sup. Ct. Rep. 462; *United States Railway Administra-
tion* v. *Slatinka*, 260 U. S. 747, 67 L. Ed. 494, 43 Sup. Ct. Rep.
247.) If in such cases the existing agent, designated by the
President, was made a party by the mere use of the words "as
agent designated by the President" or "director-general of
railroads," *etc.*, by treating the name of the individual, when
inserted, as surplusage, then no substitution was necessary and
no abatement arose under the Act of Congress referred to
above.

The only cases we know of in which a court has held that
it was sufficient to name as defendant "director-general of
railroads," without also naming the individual holding such
position, is the case of *Bailey* v. *Hines*, 131 Va. 421, 109 S. E.
470, and the case of *Blevins* v. *Hines*, 264 Fed. 1005. The

*Bailey Case* is clearly distinguishable from the cases at bar. There the defendants named were Walker D. Hines, director-general of railroads and his successor in office, as the agent provided for in section 206 of the Transportation Act, approved February 28, 1920, and designated under the proclamation of the President of the United States of America, March 11, 1920. In the cases at bar the suits were against John Barton Payne, as director-general and as agent, without any pretense that they were also against his successor in office.

The *Blevins Case* involved a construction of General Orders No. 50 and 50A only.

The situation here is very much the same as where a statutory agent is designated by a corporation for the purpose of service. In such cases certainly the service must be made upon the individual designated. Here we have a designated agent against whom suit must be brought and unless suit is brought against such agent no action can be said to have been begun in the premises, and the fact that through mistake suit is brought against the wrong person does not in any way change the situation. (*Davis* v. *Crossman* .(Tex. Civ.), 249 S. W. 540; *Davidson* v. *Payne*, 289 Fed. 69.)

The rule is well settled that an amendment will not be allowed substituting a new party for one against whom there is no right of action, if the action has become barred against a new party; or, if the amendment is allowed, that the new party can rely upon the statute of limitations as a defense if the action became barred at any time prior to the amendment making the substitution. (*Davis* v. *Chrisp*, 159 Ark. 335, 252 S. W. 606; *Bryson* v. *Great Northern Ry. Co.*, 61 Mont. 351, 203 Pac. 529; *Wiel* v. *New York Cent. Ry. Co.*, 196 N. Y. Supp. 869; *Minter* v. *Gulf C. & S. F. R. Co.* (Tex. Civ.), 245 S. W. 476; *Tutsch* v. *Director-General of Railroads of United States*, 52 Cal. App. 650, 199 Pac. 861; *McAdoo* v. *Booker*, 17 Ala. App. 623, 88 South. 196; *Garney* v. *Davis*, 112 Kan. 823, 212 Pac. 659.)

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

In cause No. 5341 the facts are as follows: On November 1, 1919, plaintiffs loaded seven cars with sheep at Alder, Montana, for shipment over the line of the Northern Pacific Railway to Wessington Springs, South Dakota. On September 12, 1921, an action was instituted by plaintiffs to recover damages for the alleged negligent handling of the livestock. In the action the defendants named were "Northern Pacific Railway Company, a corporation, and John Barton Payne, as Director-general of Railroads and as Agent appointed by the President under the Transportation Act of 1920." [U. S. Comp. Stats. Ann., Supp. 1923, sec. 10071¼ *et seq.*; Fed. Stats. Ann. 1920, p. 77.] Defendant Payne appeared by general demurrer, and the railway company by demurrer, general and special. In the special demurrer it was pointed out that James C. Davis was then and since March 28, 1921, had been the agent designated by the President against whom the action should have been brought. On February 4, 1922, upon motion of plaintiffs, the title of the action was changed by inserting "James C. Davis as Agent appointed by the President under the Transportation Act of 1920" in lieu of the designation of the defendants contained in the complaint originally.

In his answer Davis alleged that the sheep were delivered to the consignee at the point of destination on November 9, 1919. He also pleaded a provision of the shipping contract, as follows: "All actions to recover damages for delay in transit or for loss of or injury to any of the stock, or upon any claim under this contract, must be commenced within two years after the delivery of such stock at destination." In plaintiffs' reply these allegations were admitted. Thereafter the court sustained Davis' motion for judgment on the pleadings, and a judgment dismissing the complaint was rendered and entered, and plaintiffs appealed.

From 12 o'clock noon on December 28, 1917, until 12:01 A. M. on March 1, 1920, the Northern Pacific Railway was under federal control, pursuant to an Act of Congress approved August 29, 1916 (39 Stat. 619), the proclamation of the President of December 26, 1917 (40 Stat. 1733 [U. S. Comp. Stats. 1918; U. S. Comp. Stats. Ann., Supp. 1919, § 1974A]), the Federal Control Act of March 21, 1918 (40 Stat. 451 [U. S. Comp. Stats. 1918, U. S. Comp. Stats. Ann., Supp. 1919, § 3115¾ *et seq.;* Fed. Stats. Ann. 1918, p. 757]), and the presidential proclamation of March 29, 1918 (40 Stat. 1763 [sec. 3115¾h; Fed. Stats. Ann. 1918, p. 757]). The Act of March 21, 1918, provided that federal control might be exercised through such agencies as the President saw fit to select, and under that authority the President appointed William G. McAdoo "Director-general of Railroads." On October 28, 1918, the Railway Administration issued General Order No. 50, which directed that an action of this character should "be brought against William G. McAdoo, Director-general of Railroads, and not otherwise." On January 10, 1919, Mr. McAdoo resigned and was succeeded by Walker D. Hines, who caused General Order No. 50a to be promulgated, by the terms of which such an action thereafter should be prosecuted against the "Director-general of Railroads." By the Transportation Act, approved February 28, 1920 (41 Stat. 456), federal control of railways terminated on March 1, 1920. Section 200 of that Act [U. S. Comp. Stats. Ann., Supp. 1923, sec. 10071¾ee; Fed. Stats. Ann. 1920, p. 77], provided that an action of this character founded upon a cause of action arising during the period of federal control "may, after the termination of federal control, be brought against an Agent designated by the President for such purpose, which Agent shall be designated by the President within thirty days after the passage of this Act." By proclamation of March 11, 1920, the President appointed "Walker D. Hines Director-general of Railroads and his successor in office" as such agent. On May 28, 1920, Hines was succeeded in office

by John Barton Payne, who in turn was succeeded by James C. Davis on March 28, 1921.

From this history it appears that at the time the shipment in question was made the Northern Pacific Railway was under federal control, and that, at the time the action was commenced, James C. Davis was, and for nearly six months had been, the agent appointed by the President under the Transportation Act.

It is admitted by the pleadings that the sheep in question were delivered to the consignee at the point of destination on November 9, 1919; so that the period of two years during which an action of this character might be brought expired on November 9, 1921. Davis, as presidential agent, was not a party to the action until February 4, 1922, and the ultimate question for determination is: May he avail himself of the defense that the action was not commenced within the period limited by the contract?

It is contended by plaintiffs that the government of the United States was at all times the real party defendant—the party liable to respond to any judgment which plaintiffs might recover; that the government was made a party defendant when the action was commenced on September 12, 1921; hence the action was commenced within the period limited by the contract.

That the government of the United States was the sole responsible defendant in an action founded upon a cause of action arising out of the federal control of railroads has been settled beyond controversy. (*Missouri Pac. R. Co.* v. *Ault,* 256 U. S. 554, 65 L. Ed. 1087, 41 Sup. Ct. Rep. 593), and it follows that if the government was in fact made a party defendant on September 12, 1921, joining the Northern Pacific Railway Company and John Barton Payne, as Director-general of railroads as codefendants did not destroy plaintiffs' right of action against the government; that those codefendants could be and were properly eliminated; that the addition of the name of James C. Davis was harmless surplusage; and that

the defense that the action was not commenced within the
time limited in the contract was not available. On the con-
trary, if it were necessary that James C. Davis, as agent ap-
pointed by the President under the Transportation Act of
1920, be made a defendant in order that the government of the
United States be brought in and given its day in court, then
it follows that, as against the government, the action was
not commenced until February 4, 1922, and the defense that
the action was not commenced within the period limited by
the contract was available.

The immediate question then arises: Was the government
of the United States sued when the action was commenced
on September 12, 1919? To sustain the affirmative of this
proposition, counsel for plaintiffs insist that, if the title of
the action be amended by striking out or disregarding the
words, "Northern Pacific Railway Company, a corporation,
and John Barton Payne as Director-general of Railroads and
as," a sufficient designation of the government remains. The
title would then read: C. V. Vassau and James H. West,
Plaintiffs, v. Agent Appointed by the President under the
Transportation Act of 1920, Defendant. The alternative con-
tention advanced is that, if it were necessary that James C.
Davis be designated by name as the agent appointed by the
President under the Transportation Act, the defect in the
pleading was cured when Davis' name was added on February
4, 1922, and that the effect of the addition was merely to
amend the pleading by inserting the correct name of the
responsible defendant, and did not constitute a substitution
of parties defendant.

In principle each of these contentions is sustained by the
supreme court of appeals of Virginia in *Bailey* v. *Hines,* 131
Va. 421, 109 S. E. 470, and the second contention finds support
in the decision of the Arkansas supreme court in *Arkansas
Land & Lumber Co.* v. *Davis,* 155 Ark. 541, 244 S. W. 730.
We are unable to agree with either of these courts in its
conclusion. We think that in each instance undue prominence

was given to local statutory provisions authorizing amendments of pleadings, and that the real question in controversy was either overlooked or passed with but slight notice. In the instant case, counsel for plaintiffs rely upon the decision in those cases and upon our statute of amendments (sec. 9187, Rev. Codes 1921). It is our opinion that the statute referred to has no application whatever to the question now before us.

It is elementary that the government of the United States [1] could not be sued at all without its consent, that if it gave its consent it could do so upon such terms and conditions as it saw fit to impose, and that if it imposed any terms or conditions it could be sued only by a compliance with those terms and conditions, however unreasonable they might appear to be. (*Hans* v. *Louisiana,* 134 U. S. 1, 33 L. Ed. 842, 10 Sup. Ct. Rep. 504 [see, also, Rose's U. S. Notes].) During the period [2–4] of federal control the government consented to be sued through the director-general of railroads. (Sec. 10, Federal Control Act; *Dahn* v. *Davis,* 258 U. S. 421, 66 L. Ed. 696, 42 Sup. Ct. Rep. 320.) By section 206 of the Transportation Act it consented that after the termination of federal control (March 1, 1920) an action of this character might be prosecuted against "an Agent designated by the President for such purpose." In our judgment, the solution of the question before us depends solely upon the proper construction to be placed upon the language just quoted.

By an Act of Congress approved February 8, 1899 (30 Stat. 822 [U. S. Comp. Stats., sec. 1594]) : "No suit, action, or other proceeding lawfully commenced by or against the head of any department or bureau or other officer of the United States in his official capacity, or in relation to the discharge of his official duties, shall abate by reason of his death, or the expiration of his term of office, or his retirement, or resignation, or removal from office, but, in such event, the court, on motion or supplemental petition filed, at any time within twelve months thereafter, showing a necessity for the survival thereof to obtain a settlement of the questions in-

volved, may allow the same to be maintained by or against his successor in office, and the court may make such order as shall be equitable for the payment of costs."

Subdivision (d) of section 206 of the Transportation Act provides: "Actions, suits, proceedings, and reparation claims of the character above described pending at the termination of federal control shall not abate by reason of such termination, but may be prosecuted to final judgment, substituting the Agent designated by the President under subdivision (a)."

By an Act of Congress approved March 3, 1923 (42 Stat. 1443) section 206 of the Transportation Act was amended by adding thereto subdivision (h), which provides: "(h) Actions, suits, proceedings, and reparation claims of the character described in subdivision (a), (c), or (d), properly commenced within the period of limitation prescribed, and pending at the time this subdivision takes effect, shall not abate by reason of the death, expiration of term of office, retirement, resignation, or removal from office of the Director-general of Railroads or the Agent designated under subdivision (a), but may (despite the provisions of the Act entitled 'An Act to prevent the abatement of certain actions,' approved February 8, 1899), be prosecuted to final judgment, decree, or award, substituting at any time before satisfaction of such final judgment, decree, or award the Agent designated by the President then in office."

Under the Act of February 8, 1899, this action, if properly commenced against John Barton Payne as director-general of railroads and agent appointed by the President under the Transportation Act of 1920, would have abated upon the expiration of one year after Mr. Payne's resignation, unless in the meantime his successor in office had been substituted as party defendant in his stead. (*Jackson* v. *Duluth, M. & N. Ry. Co.*, 155 Minn. 222, 193 N. W. 128; *United States Railway Administration* v. *Slatinka*, 260 U. S. 747, 67 L. Ed. 494, 43 Sup. Ct. Rep. 247.) Likewise under subdivision (d) of section 206 of the Transportation Act an action of this character against

the director-general of railroads pending in court on March 1, 1920, could be prosecuted to final judgment only by substituting the agent designated by the President in the place and stead of the director-general of railroads. Under the Act of March 3, 1923, if this action had been commenced while John Barton Payne was presidential agent, his resignation would not have caused the action to abate, provided James C. Davis, as presidential agent, was substituted as defendant in his place and stead before the judgment was satisfied. In other words, the effect of this last-mentioned Act is to extend the period designated in the Act of February 8, 1899, within which the substitution might be made in a proper case, but the substitution had to be made.

If the contention of plaintiffs that an action prosecuted against "Agent appointed by the President under the Transportation Act of 1920" is sufficient to bring the real defendant —the United States—into court is well founded, then the Act of March 3, 1923, is meaningless, for there could not be any substitution of parties defendant. The very fact that the Act provides for the substitution of one presidential agent for another demonstrates that it was the intention of Congress that under the Transportation Act of 1920 the government consented to be sued only in the name of the presidential agent in office at the time the action was commenced. While this construction of the Transportation Act by the Congress is not conclusive upon the courts, it is entitled to the most serious and respectful consideration, and particularly so in view of the fact that it is only by an Act of Congress that the government can give its consent to be sued.

Counsel for plaintiffs argue that since, during one period, the government could be sued in the name "Director-general of Railroads," it could be sued in this instance in the name "Agent appointed by the President under the Transportation Act of 1920"; but counsel overlook the fact that under the Hines régime it was possible to sue the government in the name "Director-general of Railroads" only because General

Order No. 50a, which had the effect of a statute, so prescribed; whereas section 206 of the Transportation Act does not authorize suit against the government in the name "Agent appointed by the President under the Transportation Act of 1920." On the contrary, as we have shown, the government consented to be sued after the termination of federal control, only in the name of the presidential agent in office at the time the action was commenced.

It is conceded, as it must be, that the Northern Pacific Railway Company was not the agent of the government, and that it was not liable to plaintiffs in this action. (*Missouri Pac. Ry.* v. *Ault*, above.) Likewise, at the time this action was commenced, John Barton Payne was not the agent of the President, and had not any authority whatever to represent the government in this action. The cause of action did not even arise during his incumbency in office. The complaint did not state a cause of action against either of the parties originally made defendants. The only means by which the responsible defendant—the United States—could be sued was by making James C. Davis, presidential agent, defendant, and this was not done until February 4, 1922. Plaintiffs chose to sue the wrong party and must abide the consequences of their error. (*Davidson* v. *Payne* (D. C.), 289 Fed. 69.) The effect of the order of February 4, 1922, was not merely to amend the pleading by correcting the name of the defendant, but to bring into the action for the first time the only responsible defendant, the United States. It will not do for plaintiffs now to say that an injustice will result by permitting Davis to interpose the defense that the action was not commenced, as against the United States, within two years from November 9, 1919. This record discloses that on October 1, 1921, plaintiffs were duly apprised of the fact that Davis was the proper and necessary party defendant, and yet apparently they obstinately refused to have him made a party until after the contract period for bringing an action against the government had expired. (*Davis* v. *Crossman* (Tex. Civ. App.), 249 S. W. 540.)

Plaintiffs cannot avail themselves of the provisions of the Act of March 3, 1923, for the reason that the action was not properly commenced in the first instance. (*Roseland* v. *Minneapolis & St. Louis Ry. Co.*, U. S. Dist. Court, District of Minnesota, not published.)

So far as necessary to a determination of this controversy, the facts involved in cause No. 5342 are identical with the facts in cause No. 5341.

It is our conclusion that in each instance the United States was not a party to the action until Davis was brought into it on February 4, 1922, that the special defense was available and could not be waived by Davis (*Tutsch* v. *Director-general of Railroads*, 52 Cal. App. 650, 199 Pac. 861), and that the judgment dismissing the complaint was proper.

The judgment in each case is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES GALEN and STARK concur.

MR. JUSTICE COOPER absent.

Rehearing denied January 15, 1924.