## Davis, Agent, et al. v. Hunter, by, etc.

(Decided September 29, 1925.)

### Appeal from Pike Circuit Court.

1. Railroads—Government Could Prescribe Terms on which Actions for Injuries Could be Brought.—Where, under Transportation Act February 28, 1920, the government consented to be sued on claims arising from railroad injuries, it could prescribe terms on which suit might be brought.

2. Abatement and Revival—Provision Suit is Not Abated by Reason of Death or Resignation of Federal Agent, Inapplicable to Suit in which Government had Never been Before Court.—Provisions under Transportation Act February 28, 1920, section 206, subd. h, as added by Act Congress March 3, 1923, that suit properly commenced would not abate by reason of the death or resignation of federal agent and for substitution of his successor in office, did not relate to action in which government had never been brought before the court.

3. Appearance—Appearance of Attorneys in Moving for Dismissal as to Railroad Company and Substitution of Agent of President as Defendant Held to Waive Right to Object to Substitution of Parties After Two-Year Period.—Where, in a suit for injuries under Transportation Act February 28, section 206, subd. a (U. S. Comp. Stats. Ann. Supp. 1923, section 10071¼cc), the railroad

and John Barton Payne, agent, were made defendants at a time when James C. Davis was agent of the President, and attorneys acting for both defendants moved within the two-year period of limitations provided in the act, not only to dismiss as to the rail-road, but to substitute John Barton Payne as defendant, there was an appearance by the United States which was a waiver of right to object to substitution after the two-year period of James C. Davis for John Barton Payne.

WORTHINGTON, BROWNING & REED and KIRK, KIRK & WELLS for appellant.

PICKLESEIMER & STEELE for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Affirming.

Appellee, an infant suing by next friend, recovered a judgment against appellant, James C. Davis, agent of the President, in the sum of $1,500.00 for personal in-juries alleged to have been sustained through the negli-gence of defendants' agents and servants in the opera-tion of a train on the C. & O. R. R. on the 20th day of January, 1920.

The suit was filed January 12, 1922, the railroad company and John Barton Payne, agent of the Presi-dent, being made defendants. On February 5th, 1920, the attorneys for defendant filed a motion for the rail-road company to dismiss as to it, and to substitute John Barton Payne, agent of the President, as defendant. This motion was not acted on until June 29, 1923, at which time the action was dismissed as to the railroad company and an amended petition was filed, seeking to substitute James C. Davis, agent of the President, as de-fendant, which was done. Davis demurred to the peti-tion as amended. The demurrer being overruled he filed an answer consisting of a traverse, a narrative of con-gressional acts and departmental orders relating to fede-ral control, and the plea of the two year statute of limita-tion provided in the federal Transportation Act of Feb-ruary 28, 1920.

The court sustained a demurrer to this plea and the trial resulted as stated supra. Davis appeals, the only ground urged for reversal being error of trial court in overruling the demurrer to the petition, and in sustain-ing a demurrer to the plea of limitations.

The federal government assumed control of the rail-ways of the country on December 28, 1917, and by the

Transportation Act of February 28, 1920, relinquished control to the owners on March 1st, 1920, authority being given for subsequent suits on claims of this character by section 206a of the act, which provides that "such suits may be brought against an agent designated by the President for such purpose, which agent shall be designated by the President within thirty days after the passage of this act. Such actions, suits or proceedings may within the period of limitation now prescribed by state or federal statutes but not later than two years from the date of the passage of this act be brought in any court but which for federal control would have had jurisdiction of the cause of action had it arisen against such carrier."

It appears that Walker D. Hines was duly appointed agent under the above section on March 11, 1920; that he resigned and John Barton Payne was appointed such agent on May 18, 1920; that Payne resigned and James C. Davis was appointed in his stead on March 28, 1921; hence it is established that the accident occurred during federal control; that the suit was filed subsequent to the Transportation Act of February 28, 1920, and is controlled by its provisions; that at the time it was filed James C. Davis and not John Barton Payne was agent of the President; that James C. Davis was not made a party to the action for more than two years after the effective date of the Transportation Act, but that the motion made on the 5th of February, 1922, to substitute the name of John Barton Payne, agent of the President, was within two years from the effective date of the act.

Two questions are thus presented for determination. (a) Does the act require the then agent in office at the time the suit is filed to be designated by name as defendant, or, a substitution of the name of the right agent within two years after the date of the act? (b) If it is essential to make the agent in office a party defendant in order to bring the government before the court, what was the effect of defendant's motion of February 5th, 1922?

Admittedly in consenting to be sued the government may prescribe the terms upon which suit may be brought, and as it did not authorize any suit after the period of two years from the date of the Transportation Act it is incumbent upon a claimant to file suit within that period. This is not merely a statute of limitation but a condition upon which the right to sue depends and no doubt the question may be raised by a demurrer to the petition as well as by pleading the statute.

During the period of federal control Walker D. Hines, as Director General, issued departmental order No. 50a in which he instructed litigants generally to make "the Director General of Railroads" a party defendant in suits of this character, and not to designate him by name. This practice was largely followed throughout the country and in line with it, it is argued that by the Transportation Act the government intended to permit a suit to be filed against the agent of the President without specifying his name, and that even though the wrong agent is named that the right name may be substituted at any time before judgment, and there is authority to this effect. Bailey v. Hines, 109 S. E. 470.

However, departmental order No. 50a was in effect only while the roads were under control of the Director General of Railroads and was not continued after they were returned to the owners, nor embraced in the statute, and the weight of authority is to the effect that in order to bring the government before the court the agent then in office must be made a party defendant. Tutsch v. Director General of Roads, 199 Pac. 861; Davis v. Crossman, 249 S. W. 540; Vassau v. Northern Pacific Ry. Co., 221 Pac. 1069; Dills v. Davis, Agt., 6 Fed. —.

True, provision is made, by section 206h of the Transportation Act as amended, for a suit that is properly commenced not to abate by reason of the death or resignation of the federal agent and for the substitution of his successor in office, but this provision relates to actions that are properly commenced and does not apply to one in which the government has never been brought before the court. It must not be overlooked, however, that on the 5th of February, 1922, and within less than two years after the passage of the Transportation Act the attorneys for the railroad company and the government filed the following written motion in the case:

"Comes the defendant, Chesapeake & Ohio Railway Company, and moves the court to require the plaintiff to dismiss his alleged cause of action against it and substitute John Barton Payne, agent, &c., of the United States for the following reasons, viz:

"First: Because the plaintiff's alleged cause of action arose subsequent to December 28, 1917, and therefore subsequent to federal control, the United States government having taken charge of the defendants' railroads and was operating the same at

the time of the injuries complained of by the plaintiff in his petition.

"Second: Because the defendant corporation was not in possession controlling or operating said railroad and had no connection therewith at the time of the alleged injuries complained of by the plaintiff in his petition.

"STRATTON & STEARNS,

KIRK & KIRK, Attys. for defendants."

The attorneys making the motion evidently represented both the railroad company and the government, as they have continued to represent the government throughout the entire litigation. The motion purports to come from the railway company, and if it had only asked for a dismissal—the relief sought by the company —the government would not have been affected thereby. It might also with propriety have pointed out the proper defendant if such person had not already been made a party. Certainly there was no occasion for the railway company to go further. However, the motion did not point out any new defendant nor stop at asking for a dismissal as to the railway company, but seeks to regulate further proceedings in the action in no wise connected with the railway company by asking to "substitute John Barton Payne, Agt., &c., of the United States," and gives the reason therefor, that the accident occurred while the road was under federal control. Presumably at that time both the railroad company and John Barton Payne had been summoned in the action, and counsel proceeded under the assumption that Payne was still acting as agent for the President, as it cannot be thought that they would have practiced a subterfuge by filing such motion if they had known he was not. As the railway company was unquestionably before the court, to substitute Payne for it would be to put him in its place and would certainly have the effect of bringing the government before the court even if it had not theretofore been summoned. And as counsel represented both parties it must be presumed that they had authority to present the motion as made. The government could not thus participate in the proceedings without entering its appearance to the suit, and it thus becomes immaterial whether the suit was properly commenced; nor is the fact that John Barton Payne was then out of office material. The appearance was entered by participating in the case and

is not dependent upon the validity of the motion or order made thereon.

As the appearance was entered in less than two years after the passage of the Transportation Act and James C. Davis was properly substituted on the record before judgment he cannot rely on the statute of limitations.

Perceiving no error the judgment is affirmed.