ANDREW W. MELLON, Federal Agent, etc., v. AMERICAN FLOUR & GRAIN COMPANY.

Middle Section. January 18, 1929.

Petition for Certiorari denied by Supreme Court, July 19, 1929.

Seth M. Walker, William Waller and Fitzgerald Hall, of Nashville, for plaintiff in error.

Norman Farrell, of Nashville, for defendant in error.

DeWITT, J. This action was begun on March 8, 1921, against the Nashville, Chattanooga and St. Louis Railway and James C. Davis, Director-General of Railroads, for damage to a carload of wheat while in transit between December 9, 1919, and January 2, 1920.

The Federal Transportation Act of 1920, sec. 206, provided that after termination of Federal control of railroads (March 1, 1920) suits based on causes of action arising out of the possession, use or operation by the President, of the railroad of any carrier might be brought against an agent designated by the President for such purpose; and that such action must be brought within two years from the date of the passage of the Act—February 28, 1920.

On March 11, 1920, Walker D. Hines was by the President designated as such agent. On May 28, 1920, he was succeeded by John Barton Payne as such agent. On March 28, 1921, he was succeeded by James C. Davis as such agent. On December 14, 1925, Davis was succeeded by Andrew W. Mellon as such agent. All of them were respectively designated by the President.

On May 30, 1921, when this action was tried before a Justice of the Peace, the plaintiff, without objection, procured an amendment to the warrant, making James C. Davis, Director-General of Railroads, a party defendant. He was not designated in the warrant as Federal agent. He was the agent designated by the President for purposes of suit on May 30, 1921, when the warrant was amended. At the time he was both Director-General and agent designated by the President, having been appointed to both offices on March 26, 1921. But he was not sued eo nomine as Federal agent designated by the President under section 206 of the Transportation Act.

Upon appeal to the circuit court from a judgment by the Justice of the Peace in favor of the plaintiff, this cause stood upon the trial docket until July 9, 1927, when it was called for trial. The plaintiff Thompson, trustee in bankruptcy (having been substituted for the original plaintiff) was allowed, over objection, to amend the warrant by striking out the Railway Company as a party defendant; to change the words, "Director-General of Railroads" in the warrant, coming after the name, "James C. Davis," to "Federal agent in charge of railroads;" and to substitute Andrew W. Mellon as defendant in the place of James C. Davis and as successor in office of the said James C. Davis.

To the warrant as thus amended defendant Andrew W. Mellon, Federal agent, pleaded the limitation of two years under the Transportation Act and the limitation of six years under the statutes of Tennessee. These pleas were also interposed to another part of the amendment averring that the defendant was liable under an agree-

ment made when the car of grain arrived and plaintiff refused, upon inspection, to pay for it, that if plaintiff would unload the car and pay the draft and freight bill and take out, clean and dry the contents and otherwise endeavor to minimize the loss, the agent of the Federal Director would allow and cause to be paid to the plaintiff thirty cents a bushel or $492.50. For this amount, with interest, judgment was awarded by the Circuit Judge sitting without a jury. These pleas were therefore overruled.

For the defendant below it is insisted that the pleas of the statutes of limitation should have been sustained because the condition under which the government consented to be sued was not complied with until July 9, 1927, when the agent designated for that purpose was made a party defendant for the first time, and then beyond the period of limitation for such suit; that although James C. Davis was sued in 1921 he was sued in a different capacity from that in which consent had been given for him to be sued; that this suit is strictly governed by the rule that when the United States Government gives its consent to be sued it has the right to prescribe the terms and conditions upon which it can be sued, and it can be sued only by compliance with such terms and conditions whether reasonable or unreasonable; that the conditions imposed by Congress must be strictly followed. Hands v. State of Louisiana, 134 U. S., 1, 33 L. Ed., 842; Bailey v. Hines, 131 Va., 421; Vassau v. N. Pac. Ry. Co., 69 Mont., 305, 221 Pac., 1069; The conditions imposed by Congress in respect to such actions must be strictly followed. McElrath v. U. S., 102 U. S., 426, 440, 26 L. Ed., 189; Schillinger v. U. S., 155 U. S., 163, 166, 15 S. Ct., 85, 39 L. Ed., 108; Price v. U. S., 174 U. S., 373, 375, 19 S. Ct. 765, 43 L. Ed., 1000; Davis, Agent v. Donovan, 265 U. S., 257, 263, 44 S. Ct., 513, 68 L. Ed., 1008; Rauch v. Davis, Director-General, 8 Fed. (2nd), 907.

For the plaintiff below it is contended that as the right person, James C. Davis, was sued in the beginning, the proper individual representative of the Government was brought before the court, and the amendment correcting the designation of his official character and substituting his successor with the proper designation did not amount to the institution of a suit against the Government but related back to the date of the original warrant.

In interpreting section 206 of the Transportation Act, it has been uniformly held that a suit against a person who had been the designated agent but who had been succeeded by another could not be maintained because the person designated as agent and then in office was the only one who could be sued; and that any amendment to substitute as defendant the agent actually in office, made after two years from the date of passage of the Act was barred. The wrong person had been originally sued. The amendment after the

expiration of the period of two years is held, in these cases, to bring in a new party, not merely to correct a misnomer, Natoli v. Davis, 75 Cal. App., 309; Davis v. Cohen & Co., 268 U. S., 638, 69 L. Ed., 1129; Rauch v. Davis, 8 Fed. (2nd.), 907; Vassau v. Ry. Co. (Mont.), 221 Pac., 1069; Davis v. Griffith, 103 Okla., 137; Mellon v. Ark. Land & Lbr. Co., 275 U. S., 460, 72 L. Ed., 372; Fahey v. Davis, 224 Mich., 371, 195 N. W., 46; Mellon v. Weiss, 270 U. S., 565, 70 L. Ed., 736.

It is insisted that, instead of barring the instant case, the rule of those cases tends to sustain it because the prime requisite was that the right person be originally sued; that if the right person was so sued the representative of the Government, designated according to law, was before the court. Counsel says; "The cases show that if the right person is sued there is a suit, which is amendable, and that, if the wrong person is sued, and it is sought to substitute another person after the statute has run, the suit is not amendable."

The decisions cited were based on differences in persons as to tenure of office. The question as to suing the right person without designating his proper official capacity, is not involved. But they do not hold that suit can be maintained against the right person in another capacity than that designated in the Act giving consent to be sued. The Transportation Act, sec. 206, subsection (d) provides that an action against the Director-General of Railroads pending in court on March 1, 1920, could be prosecuted to final judgment only by substituting the agent designated by the President in the place and stead of the Director-General of Railroads. It does not provide that it would be sufficient if the same person previously sued, as Director-General, is also designated as agent for purpose of suit, without a substitution of the official character of agent for that of Director-General. This interpretation of the Act by the Congress is entitled to the most serious and respectful consideration, particularly in view of the fact that it is only by an act of Congress that the Government can give its consent to be sued. Vassau v. Ry. Co., supra.

It is settled beyond dispute that actions at law which may be brought against the agent designated by the President under the Transportation Act are in legal effect actions against the United States. Dupont-Nemours & Co. v. Davis, Director-General, 264 U. S., 456, 68 L. Ed., 788; Rauch v. Davis, supra.

And where the congressional consent specifies the time when such actions may be brought the provision operates as a condition of liability not merely as a period of limitation. Finn v. United States, 123 U. S., 227, 31 L. Ed., 128; James C. Davis, Agent, v. L. L. Cohen & Co., 268 U. S., 638, 69 L. Ed., 1129.

In Tutsch v. Director-General, 52 Cal. App., 650, 199 Pac., 861, it was held that where a suit is brought against the Director-General

after the termination of Federal control, and no motion is made until the expiration of the time when a suit against the agent would be barred by the State law, a motion to amend by substituting the agent is likewise barred; and that the agent of the President may not waive the statute.

In Rauch v. Davis, supra, the suit was brought on May 19, 1920 against Hines as Director-General. He held that office at that time and he was also the agent designated by the President under the Transportation Act. On December 17, 1923, an amendment was allowed making as defendant Davis, Director-General and agent designated by the President, as Hines was sued only as Director-General and not as agent—these being separate and distinct offices—and as Hines had resigned. it was held that the suit could not then be maintained against Davis as agent. The agent designated by the President—the office itself as embodied in an official—was brought before the court for the first time more than two years after the suit could be brought. To the same effect is the holding of the Court of Appeals of Georgia in Shiell v. Davis, 31 Ga. Apps., 87, that where an amendment. offered more than two years after the passage of the Act, sought only to make as defendant James C. Davis as "Director-General of Railroads in charge of the said railroads" (the carrier having been sued) without essential facts either showing that such person was the designated agent of the President for the purpose of maintaining such suit. or otherwise indicating an intention to proceed against the agent designated by the President under the Act, was not a proper amendment.

In Davis v. Crucible Co.. 103 Conn.. 36, 130 Atl.. 162, a suit brought by James C. Davis as Director-General of Railroads under the Transportation Act for unpaid transportation charges, a counter claim was filed against him as Director-General. setting forth an independent- cause of action, without naming him as the agent designated by the President. In holding that although the same person who was the designated agent was thus sued as Director-General, the counterclaim would not thus lie against the United States, the Supreme Court of Connecticut said:

"The action permitted under section 206 is the only form of action under which the United States has waived its sovereign rights and permitted such an action to be brought against it. When the statute says that an action may be brought against an agent designated by the President, it means that it shall be so brought, and this is equivalent to saying that it must be brought in this way, since this is the only way in which it can be brought against the United States. There is no statute or order waiving the immunity of the United States from suit in such an action, other than as provided in section 206 of the Transportation Act

of 1920. The authorities have construed this section of this act in accordance with our holding, and support the claim of law as made by the plaintiff. Hines v. Struthers F. Co. (D. C.), 271 Fed., 792; P. & R. Ry. Co. et al. v. L. C. & M. Co. (D. C.), 276 F., 1019; Davis, D. G. of Rys. v. Dawkins, 209 Ala., 45, 95 So., 188; Tutsch v. D. G. of Rys., 52 Cal. Apps., 650, 199 P., 861; L. & N. Ry. Co. v. Shikle, 206 Ala., 494, 90 So., 900; Hines, D. G., etc. v. Jordan (Tex. Civ. App.), 228 S. W., 633. We therefore sustain the plaintiff's first reason for appeal that:

" 'The court erred in ruling and holding that the defendant's counterclaim could be brought and maintained against the plaintiff.' "

In Jenness v. Payne (N. H., 1924), 125 Atl., 679, it was held that a suit against the Director-General after the enactment of section 206 is unauthorized, and neither a general appearance nor a failure to make a prompt objection will give it any standing in court, and this though the presidential agent authorized by this section happens to be the same individual who is sued as director-general. The designation of the defendant John Barton Payne (who was then both Director-General and agent designated by the President) as Director-General instead of the agent designated by the President was held to be not a mere misnomer.

These cases decided in California, New Hampshire, Georgia and Connecticut, and the case of Rauch v. Davis, are directly in point in holding that a suit against the person who was the designated agent, without naming him as such, does not comply with the terms and conditions upon which the Government has consented to be sued upon causes of action arising during the period of Federal control. The rule of the United States courts is that courts may not go beyond the letter of such consent and must exercise jurisdiction over such cases only within the strict limits of the restrictions imposed by Congress. Puget Sound Stevedoring Company v. United States, 287 Fed., 751. In Eastern Transportation Company v. United States, 272 U. S., 675, 71 L. Ed., 472, it is said that the sovereignty of the United States raises a presumption against its suability unless it is clearly shown; nor should a court enlarge its liability beyond what the language requires. It is this strict requirement of literal compliance with the terms of consent that prevents us from applying the liberal rules in Tennessee permitting amendment by substituting new parties defendant (Shannon's Code, section 4589 and notes thereunder) so as to relate back to the beginning of the action.

We are compelled to hold that the determinative point is the capacity in which the person was sued. The decisions of Federal courts, by which we must principally be guided in the construction of Federal Statutes, show a rigid adherence to the rule of strict construction of

such acts giving consent of the United States to be sued. Decisions of State courts (such as Lynn v. Mellon, Director-General (Ala.), 114 So., 680) allowing such an amendment are not in accord with the Federal authorities. The case of Acheson Graphite Co. v. Mellon, Director-General, 21 Fed. (2nd.), 564, is to the contrary, and in the opinion the case of Bailey v. Hines, 131 Va., 421, 109 S. E., 470, was cited and relied on as authority, but that case was disapproved by the U. S. Supreme Court in Mellon v. Arkansas Land and Lumber Company, supra.

The rule in Tennessee, under Shannon's Code, sec. 4495, is that if relief is sought against a new party defendant, or if his interests are in fact involved, he may successfully interpose a plea of the statute of limitations, when it is sought to bring him in after the bar of the statute; and it is only where the addition of a new party merely corrects a defect in the original proceeding that the amendment relates back to the institution of the suit. Niehaus v. Construction Co., 135 Tenn., 382, 186 S. W., 461, A. C. 1918 B, 23.

The amendment to the warrant setting up an agreement for acceptance of the carload of grain and allowance for damages was properly allowed by the Circuit Judge. Of course, if this amendment introduced a new or substantive cause of action which existed when the suit was instituted, it could not be made after the period of limitation had terminated so as to relate back to the institution of the suit. It would be restricted to the time when it was allowed. Such amendment could not revive a cause of action and legal liability from which the defendant stood discharged by the positive bar of the statute. Crofford v. Cochran, 2 Sneed, 491; Gardner v. Quinn, 154 Tenn., 167, 289 S. W., 513. But the evidence tending to sustain the averments of this amendment would have been admissible under the original warrant. The amendment sought to show an accord, an agreement for settlement. It was not a mere offer of compromise, evidence of which would be inadmissible; but it was, as averred, a completed agreement. This may be shown in evidence. 22 C. J., 317—citing especially Dugger v. Kelley, 168 Io., 129, 150 N. W., 27. It was not necessary to plead this agreement at all. At common law an accord, or accord and satisfaction, did not have to be specially pleaded in actions on the case. 1 C. J., 573. This was such an action. The rule is that when a debt is imposed by contract or grows out of it by legal implication, and injury results from the violation or disregard of that duty, an action on the case will lie. 11 C. J., 6; Ferrier v. Wood, 9 Ark., 85; Oliver v. Greenwood, 4 Hig., 535.

In 37 C. J., 1076, two of the tests, deduced from numerous cases, for determining whether or not an amendment introduced a new cause of action are (1) Would the same evidence support both of the pleadings? (2) Is the measure of damages the same in each case?

As to the amendment in question both of these tests are answerable in the affirmative. It is obvious that an unnecessary amendment does not constitute a new cause of action. 37 C. J., 1071. There is evidence tending to show that the damage to the grain amounted to thirty cents per bushel. For these reasons we are of opinion that this amendment went no further than to strengthen and make more clear the case made in the original warrant, and was not inconsistent with it. But the suit could have been maintained without the amendment, and the evidence would be admissible to sustain the allegations in the original warrant.

There is ample evidence to sustain the claim that the grain was damaged in transit from rain coming through holes in the roof and sides of the car; and that the amount of the judgment represents the loss incurred.

Upon a former day an opinion was rendered sustaining the pleas of the statutes of limitations and dismissing this suit. The original plaintiff filed a very earnest petition to re-hear as to this conclusion and judgment. For the reasons more elaborately given in this opinion, the petition to re-hear is overruled.

Faw, P. J., and Crownover, J., concur.