RUSSELL S. TUCKER and Others, as a Committee of Holders of First Mortgage Six Per Cent Gold Bond Certificates of May 1, 1925, of KERMACOE REALTY Co., INC., Plaintiffs, *v.* EMPIRE TRUST COMPANY, as Trustee under a Mortgage or Deed of Trust Dated May 1, 1925, Made by KERMACOE REALTY Co., INC., and FANDEN REALTY CORPORATION, Defendant.

First Department, November 9, 1934.

*Lloyd F. Thanhouser* of counsel [*T. C. P. Martin*, with him on the brief; *Satterlee & Canfield*, attorneys], for the plaintiffs.

*William G. Murphy* of counsel [*Olin, Clark & Phelps*, attorneys], for the defendant.

O'MALLEY, J. This submission of controversy involves the construction of a trust mortgage. More particularly it is concerned with whether a partial payment made on an installment of principal belongs to the holders of participation certificates in such installment, as urged by the defendant, or belongs to all the holders of participation certificates under the trust mortgage, as urged by the plaintiffs.

The bond and mortgage under which the defendant trust company was trustee provided for the issuance of certificate participating shares. The principal of the bond was payable in equal proportionate installments on the first days of May during the years 1928 to 1940.

These particular installments of principal on the first day in May of each of the years were amortized, in that on July first, October first, January first and April first preceding their due date, a quarter of the amount was to be paid to the trustee to enable it to make the proper payment to the participation holders in each installment.

The installment of principal due May 1, 1932, amounted to the sum of $44,000. Of this amount but $22,000 was paid. On May 23, 1932, the defendant trustee, pursuant to the authority given it in the mortgage, instituted an action to foreclose and there has resulted a judgment of foreclosure and sale. The plaintiffs demand from the defendant such proportion of the $22,000 as the number of certificates filed with them bears to the total outstanding participation certificates. The defendant has refused payment on the ground that this sum belongs, not to the entire body of certificate holders, but to only the holders of certificates which matured and were payable on May 1, 1932.

We agree with the contentions of the defendant.

The mortgage in question provided as follows: " On the first days of each succeeding [*i. e.*, after April 1, 1928] July, October, January and April [the bondsman] will pay to the Trustee one-fourth of the respective installment of principal next to become due * * *. The payments hereinbefore in this Section 1 provided for shall be made irrespective of the dates upon which the installments of principal * * * shall be payable. The intention hereof is * * * that such aggregate payments on the first day of the month before the date of each principal payment shall be sufficient to meet such principal payments when and as they mature."

It seems to us quite clear that under these provisions the payments by way of amortization of any particular installment of principal belong to certificate holders who had participation shares in that particular installment. These payments were made for

their benefit and to the end that there would be in the hands of the trustee a month prior to the date of the principal payment sufficient funds to meet the principal payment. The clear intention as expressed in the instrument seems to be that the holders of participation certificates in the next maturing installments of principal were entitled to the sums paid prior to such due date on account of that principal installment.

While there is a difference in verbiage in the instrument here construed and that under consideration in *Equitable Trust Co.* v. *Green Star S. S. Corporation* (291 Fed. 650; affd., 297 id. 1008), the reasoning in the case cited is persuasive and is quite applicable here. In the case before us, had the full payment of $44,000 been made to the trustee before the due date for the payment of the installment of principal, and had no foreclosure proceedings been started before that date, there would be no doubt but that the holders of participation certificates in such installment of principal would be entitled to the amount in question to the exclusion of the holders of participation certificates in other installments of principal. The fact that the full sum of the installment of principal of May 1, 1932, was not paid should not in reason or equity change the result.

It follows, therefore, that judgment should be entered in favor of the defendant in accordance with this opinion, but without costs.

FINCH, P. J., MARTIN, TOWNLEY and GLENNON, JJ., concur.

Judgment directed in favor of defendant in accordance with opinion, without costs. Settle order on notice.