In the Matter of the Accounting of James B. Kilsheimer, Jr., as Successor Trustee under the Will of Magdalena Cadwell, Deceased.

James B. Kilsheimer, Jr., as Successor Trustee under the Will of Magdalena Cadwell, Deceased, et al., Appellants; Edna M. Byrd, Respondent.

First Department, June 22, 1943.

*Kenneth J. Mullane* of counsel (*James B. Kilsheimer, Jr.,* with him on the brief; *Dutton & Kilsheimer,* attorneys), for appellants.

*John F. X. Browne* for objector-respondent.

CALLAHAN, J.   By the decree appealed from an accounting trustee has been surcharged for losses on certain investments in mortgage certificates made between 1924 and 1931 upon the holding by the Surrogate that they were made in violation of the provisions of section 111 of Decedent Estate Law.   Though each certificate represented an interest in a first mortgage, the Surrogate found that the certificates were subordinate to other certificates or shares secured by the same mortgage.   We do not agree with this finding of the Surrogate.   As we construe the certificates and underlying mortgages, read together, the certificates are equal in lien to all others, though later in maturity than some of the same issue.

Two types of certificates were issued in the series involved herein.   One type was known as " amortization " certificate, and the other as " maturity " certificate.   Those concerning which the surcharge was ordered are of the latter class.

The amortization certificates contain a provision that they were to be paid out of certain installment payments as and when collected, and the dates of such payments were to be the maturity dates of the amortization certificates.   The maturity certificates did not contain any similar clause.   In fact they specifically provide that amortization payments are not to be applied to maturity certificates.   Both types of certificate contain the provision " that the share or interest represented by this Certificate is not subordinate to any other shares in said Bond and Mortgage and is not subject to any prior interest therein; and that this Certificate is one of a series, all of like tenor, issued or to be issued for various sums to a total principal amount not in excess of . . . . . . . dollars, all secured by the Bond and Mortgage above described, which is a valid first lien upon the real property therein described   *   *   *.''

The basis of the Surrogate's ruling was that on any forced liquidation of the underlying mortgage, the holders, of unpaid amortization certificates would be entitled to payment in full before any payment would be made to a holder of a maturity certificate.

We do not understand this to be the effect of the instruments involved.   It is quite clear that the provisions that amortization payments were not to be applied to maturity certificates referred solely to amortization payments actually received as and when due.   Installment payments made before any default undoubtedly belonged to the holders of the amortization certificates.   (*Tucker* v. *Empire Trust Co.*, 242 App. Div. 380.)   However, it does not follow from this that any priority

exists between certificate holders as to the proceeds of the liquidation of the mortgage. The right of holders of amortization certificates to receive payment of the installments rests on the provision of their certificates as to the date of maturity thereof. It cannot be said that because an amortization certificate matured before a maturity certificate the former would have any priority in lien in the event of liquidation. That there was no intention to subordinate maturity certificates in the present case is clear because of the express provision that no share or interest was to be subordinate to any other share in the bond and mortgage.

The underlying mortgages each contained the usual acceleration clause providing that the whole principal sum should become due in the event of default in the payment of any installment of principal, interest or taxes. Accordingly, the rights of the maturity certificate holders to demand foreclosure would be in all respects equal to those of a holder of an amortization certificate in the event of default by the mortgagor in any amortization payment. That acceleration was at the option of the mortgagee, or that some of the certificates involved had provisions that the mortgagee might waive defaults does not alter the situation. All certificates were alike in this respect.

That trustees during the years involved were not prohibited by law from investing in mortgage certificates has been definitely settled. This applies to investments in group series (*Matter of Stupack,* 274 N. Y. 198) or in those representing shares in a single mortgage. (*Matter of Smith,* 279 N. Y. 479.) The statutes in effect at the time the present investments were made required, however, that any share or part of such bond and mortgage so held should not be subordinate to any other shares thereof, and should not be subject to any prior interest therein; that such investments be at least equal in lien to any other interest in the mortgaged premises. (Decedent Estate Law, § 111; Personal Property Law, § 21; Banking Law, former § 188, subd. 7 [L. 1917, ch. 385].) In *Matter of Nugent* (280 N. Y. 505) certificates were involved, some of which had retirement dates coinciding with amortization payments and some certificates had in fact been retired from such installment payments. Lack of equality of lien based on these facts was one of the grounds asserted by objectants-appellants in that case in asking for surcharge. This contention was overruled in all courts.

We find that no investment in any prohibited security was made by the present trustee.

The decree insofar as it surcharges the trustee in the amount of $1,236.02 should be reversed, with costs, and the matter remitted to the Surrogate's Court for further action in accordance with this opinion.

MARTIN, P. J., UNTERMYER and COHN, JJ., concur; TOWNLEY, J., dissents and votes to affirm.

Decree insofar as it surcharges the trustee in the amount of $1,236.02 reversed, with costs to the appellants, and the matter remitted to the Surrogate's Court for further action in accordance with the opinion. Settle order on notice.